## Court of Appeals.

*February*, 1884.

## PEOPLE *v.* MEYERS.

EXCISE LAW.—REVOCATION OF LICENSE BY CONVICTION.—L.
1857, CH. 628 ; L. 1873, CH. 549.

A conviction of defendant's bar-keeper of a violation of the Excise Law
(L. 1873, ch. 549, § 8) operates *ipso facto* to annul defendant's license
to sell malt and spirituous liquors. The Excise Law casts upon the
licensee the burden of seeing that no violation of the act shall be com-
mitted upon the licensed premises.

APPEAL by the defendant, John M. Meyers, from a judg-
ment of the General Term of the Supreme Court in the First
Department, affirming a conviction of defendant for selling
liquor without a license.

The defendant, John M. Meyers, was indicted on January
10, 1884, by the grand jury of the city and county of New
York, for a violation of the Excise Law, viz., selling liquor
without a license. On January 21, 1884, he was tried in the
Court of General Sessions, city and county of New York, before
Hon. HENRY A. GILDERSLEEVE, judge of said court, and a jury,
and was convicted of the misdemeanor and sentenced to pay a
fine of $25. An appeal was taken from the judgment of con-
viction to the General Term of the Supreme Court, First De-
partment, and said judgment was affirmed January 25, 1882, on
the authority of People *v.* Tighe, 5 *Hun*, 25. An appeal was
then taken from the judgment of affirmance to the Court
of Appeals.

The facts are briefly as follows :—It was shown by the
testimony that a full license to sell malt and spirituous liquors,
on the premises No. 2331 Third avenue, New York city,
was issued to appellant herein, John M. Meyers, on April
28, 1883, to expire on April 28, 1884, and that said license
had never been revoked. That one Herman Jacob, a bar-keeper

of defendant and appellant, was arrested for selling liquor on defendant's premises No. 2331 Third avenue, New York, on Sunday, June 3, 1883 ; that Herman Jacob plead guilty to said charge, in the Court of Special Sessions for the city and county of New York, and was fined $30. Charles Mittenberger testified that he was a bar-keeper in the employ of John M. Meyers, the appellant, at No. 2331 Third avenue, from October 10, 1883, to December 1, 1883, and that on December 1, 1883, he, as such bar-keeper, sold liquor and beer on said premises, with the knowledge and consent of appellant herein.

Defendant's counsel asked the court to advise the jury to acquit upon the ground " that defendant was regularly licensed to sell spirituous and malt liquors, covering the period charged in the indictment, and said license had not been revoked by the Excise Board, and that the conviction of said defendant's bar-keeper, Herman Jacob, on June 7, 1883, did not operate as a revocation of defendant's license." Refused, and excepted to.

The court charged the jury, among other things, as follows :—" I charge you, as a matter of law, that the conviction of Herman Jacob in June last for violation of the Excise Law in selling liquor on Sunday, June 3, 1883, at defendant's saloon, No. 2331 Third avenue, revoked the defendant's license." Counsel for defendant excepted.

*Kintzing, Simonson & Meyer*, attorneys (*W. F. Kintzing*, of counsel), for defendant, appellant.—I. The court erred in refusing to advise the jury to acquit, as requested, for the following reasons : That the license of defendant had not been revoked by the Commissioners of Excise, and was therefore in full force and effect at the time charged in the indictment. It is claimed by the people, under the authority of People *v.* Tighe, 5 *Hun,* 25, that the conviction of appellant's barkeeper for a violation of the excise law revoked said license, *ipso facto*, without any action on the part of the Board of Excise. The section relied upon is as follows :—" Section 8. Any conviction for the violation of this act, or of the acts hereby amended, by any person or persons licensed, or at any place licensed as herein provided, shall for-

feit and annul such license. The Board of Excise of any city, town or village, may at any time, and upon the complaint of any resident of said city, town or village, shall summon before them any person or persons licensed as aforesaid, and if they become satisfied that any such person or persons has or have violated any of the provisions of this act or of the acts hereby amended, they shall revoke, cancel and annul the license of any such person or persons, which they are hereby empowered to do, and when necessary to enter upon the premises and take possession of and cancel such 'license. Upon an inquiry the said board or the party complained of may summon, and the said board may compel the attendance of witnesses before them, and examine them under oath." *Laws* 1873, chap. 540, § 8.

Under the Act of 1857 no provision was made for a forfeiture of the license by reason of a conviction under the construction given by the Court of Appeals in Foote *v.* People, 56 *N. Y.* 321, and cases there cited, holding that a violation of the provisions of said act was a misdemeanor and punishable as such. See Foote *v.* People, 56 *N. Y.* 321. Sections 25 and 26 provided for the revocation of a license upon conviction or judgment, for any violation of the provisions of this act, either in a suit upon a penalty or a suit upon a bond, but such revocation could not be had until the conviction had been transmitted to the next Court of Sessions, and the licensee had been summoned before the court to show cause why said license should not be revoked, and an opportunity afforded him to have his day in court. By section 8 of *L.* 1873, ch. 540, above cited, the class of convictions was extended to all or any conviction for a violation of the provisions of the act, and that such conviction shall forfeit and annul such license, and then the section goes on and provides a remedy by which such revocation can be had. It relegates to the power that grants the license the power to revoke the same, which it did not have before. It affords the licensee an opportunity to be heard—to have his day in court—which under the construction contended for by the People the licensee could never have. This provision does precisely what was provided for by sections 25 and 26 of Act of 1857 (2 *Edmonds' Rev. Stat.* §§ 5–20). An analogous case is the section which declares a second marriage

during the lifetime of a former husband or wife, except in certain cases, to be absolutely void, yet in the next chapter provision is made by which the chancellor may declare said second marriage void. The legislature provided the remedy prescribed, in order that a person should not be deprived of a fair and impartial hearing—a day in court, which he otherwise would not have. Will this court hold that a conviction of one Herman Jacob for violation of the excise law, viz., selling liquor on Sunday on appellant's premises, is sufficient of itself to revoke and annul appellant's license without proof before some tribunal appointed and designated by law, that said Jacob was an employee of appellant, and that the sale was made by the consent of appellant, or that appellant was present or connived at, or participated in such sale. Such a construction would deprive appellant of his right of trial, and leave him without a remedy. It is submitted that all that section 8 implies is that such conviction shall forfeit and annul appellant's license upon its appearing satisfactorily to the Board of Excise, upon an examination thereof, and the proof offered, after the licensee has been duly notified to appear and show cause why said license should not be revoked, that a violation of the provisions of the act has been made by the licensee, and then said license shall be forfeited and annulled by said board, and the licensee deprived of all benefits thereof.

II. The conviction of defendant's barkeeper did not operate as a revocation of appellant's license, *ipso facto*, without action being had by said Board of Excise. The case of the People *v.* Tighe, *supra*, did not hold that a conviction of an employee revoked the licensee's license. The case is far different. The licensee in that case had an opportunity to be heard upon his trial for such a violation ; was a party, and was found guilty by a court of competent jurisdiction. Much stronger evidence is required to show, as in the present case, that the licensee knew, assented to, participated in or connived at such sale, whereas, in the case of the bar-keeper, simple proof of the sale by him upon the premises on Sunday is sufficient to secure his conviction. People *v.* Utter, 44 *Barb.* 170.

III. A licensee cannot be deprived of his license by the act of another without having an opportunity of being heard, or having his day in court. There is no evidence in the case to

show that the appellant was present or participated in, connived at or assented to the violation of the Excise Law upon which Jacob was convicted.

*Peter B. Olney*, district attorney (*John Vincent*, assistant), for the people, respondent.

ANDREWS, J.—The question in this case turns upon the construction of section 4 of chapter 549 of the Laws of 1873 entitled " An act to amend an act, entitled ' An act regulating the sale of intoxicating liquors' passed April 11th, 1870, and the act entitled, ' An act to suppress intemperance, and to regulate the sale of intoxicating liquors' passed April 16th, 1857."

That section is as follows : " Any conviction for the violation of any provision of this act, or of the act hereby amended, by any person or persons licensed, or at any place licensed as herein provided, shall forfeit, and annul such license. The board of excise of any city, town or village may at any time and upon the complaint of any resident of said city, town or village shall summon before them any person or persons licensed as aforesaid, and if they shall become satisfied that any such person or persons has or have violated any of the provisions of this act or of the acts hereby amended they shall revoke cancel, and annul the license of such person or persons which they are hereby empowered to do, and when necessary to enter upon the premises, and take possession of and cancel such license. Upon an inquiry the said board or the party complained of may summon, and the said board may compel the attendance of witnesses before them and examine them under oath.

The sale of intoxicating liquors by any inn, tavern or hotel keeper or other person on Sunday is made by the act a misdemeanor (§ 5).

The conviction of the defendants' bar-keeper for the sale of liquor on Sunday was therefore a conviction for an offense under the act.

We think the conviction operated *ipso facto* to annul the defendants' license.

The first clause of section 4 is awkwardly drawn, but in view of the whole act its meaning is plain.

The license authorized by the second section is a license to one or more designated persons to sell intoxicating liquors, etc., at a specified place within the city, town or village within which the license is granted.

It was competent for the Legislature, in its discretion, to annex any conditions to the granting of licenses which it deemed proper and to prescribe causes of forfeiture. Board of Excise *v.* Barrie, 34 *N. Y.* 657.

It is plain that a conviction of a licensee of an offense under the act, works a forfeiture of his license. The act so declares; the words are "such conviction shall forfeit and annul such license."

In addition, the same result is made to follow any conviction for a violation of the act at the place licensed. The act casts upon the licensee the necessity in order to protect himself in the enjoyment of the license of seeing to it that no violation shall be committed on the licensed premises.

It is not left open to the licensee to claim in case of the conviction of another for such violation, that it was committed without his knowledge or consent. The words "or at the place licensed," were obviously inserted to meet this precise case. Any other construction would make the words meaningless. The subsequent clause of the section provides for the annulment of the license by the Board of Excise upon proceedings instituted upon its own motion or upon complaint of a resident. This jurisdiction does not depend upon the facts of a prior conviction under the act. It is an independent remedy for the annulment of the license by the Board of Excise whenever it becomes satisfied upon inquiry, after notice that the licensee has violated the act. It supplements the provision in the prior clause and operates as an additional restraint and gives a remedy for the revocation of a license although no criminal prosecution has been instituted. It is not necessary to consider sections 25 and 26 of the Act of 1857. These sections provide for the revocation of a license after a conviction or judgment has been obtained against a licensee for a penalty given by the act or upon his bond. The word conviction in these sections is inaccurately used. But the power of revocation given, is by the context plainly limited and exists only where there has been

a recovery in a civil proceeding in one of the cases specified and does not extend to a case of a conviction upon indictment. This question was considered in People *v.* Tighe (5 *Hun*, 25).

The opinion of GILBERT, J., in that case contains a satisfactory exposition of the statute in question.

The judgment should be affirmed.

All concur.