Larremore, C. J.
—This is a review by certiorari of the defendants’ official action in revoking the license of the relator to sell intoxicating liquors at retail in the city of New York, because of a violation of chapter 628 of the Laws, of 1857, as amended by chapter 420 of the Laws of 1877'r which prohibits such sale tó a minor. The fact is conceded-that on the 16th day of May, 1888, a pint of lager beer was sold and delivered to a girl under the age of fourteen years-in a saloon of which the relator was proprietor. Upon proof of such- fact being satisfactorily made to the defendants, they revoked the relator’s license, and said relator claims that the excise commissioners exceeded their lawful jurisdiction and power in so doing, because the liquor was not sold by him personally, but by his bartender.
It is provided by section 8 of chapter 175 of the Laws of 1870, as amended by section 4 of chapter 549 of the Laws of 1873, that the board of excise of any city, town or village may at any time summon, before them any licensee, and if' they shall become satisfied that he has violated any of the. *230 provisions of said act of 1870, or of chapter 628 of the Laws of 1857, they shall revoke, cancel and annul his license.
Ohaj)ter 628 of the Laws of 1857 contained no clause prohibiting in so many words the sale of liquor to a minor by iCthe wife,, servant, employee or other agent” of a licensee, though it is by no means certain that the maxim quifacit per alium facit per se would not apply here just as clearly as in ordinary cases of agency. The reasoning of the court of appeals in People v. Meyers (95 N. Y., 223) would seem to favor such view. However, in order, apparently, to remove all doubt upon the subject, the legislature passed chapter 420 of the Laws of 1877, which is as follows:
Section 1. Section fifteen of chapter six hundred and twenty-eight of the Laws of eighteen hundred and fifty-seven, entitled “An act to suppress intemperance and to' regulate the sale of intoxicating liquors,” is hereby amended so as to read as follows:
Section 15'. No inn, tavern or hotel keeper, or any other person licensed to sell any strong or spirituous liquors or wines, shall, either personally or by his wife, servant, •employee or other agent, sell or give any such liquors or wines * * * to any minor under the age of eighteen ;years without the consent of his father, or mother, or .guardian. Whoever shall, either personally or by his wife, servant, employee or other agent, offend against either of these provisions, shall forfeit ten dollars for each and every offense; * * * and any person who shall, either personally or by his wife, servant, employee" or other agent, sell or give away any strong or spirituous liquors, ale, beer ■or wine to any Indian in this state, or shall sell any beer, .ale, wine or any strong or spirituous liquor to any minor under the age of fourteen years, knowing or having reason to believe such minor to be under such age, shall be deemed guilty of a misdemeanor, and on conviction shall be liable to a fine of twenty-five dollars for each and every offense.
The only possible difficulty in holding that the case of selling liquor through an employee is brought within the license-forfeiting provision under which the defendants have acted, is that the statute above quoted, which expressly mentions “wife, servant, employee or other agent,” was passed after the statute which confers the right to forfeit licenses. Still, I think this difficulty is only an apparent one. It will be seen that, according to the act of 1877, “section 15 of chapter 628 of the Laws of 1857 * * * is hereby amended so as to read as follows,” and then follows the provision in question. What the legislature did, therefore, was to substitute the new provision bodily for the old one. The old one, being thus superseded, is no longer the law of the state; the new one became law in its *231 stead. It is fair, then, to presume that the legislature intended that such new provision, in falling into the place of the old one, should at the same time fall into all the relations held by the old one to other statutes then existing, and which in any manner depended upon such old provisions for meaning or force. Otherwise their meaning* and force might become very doubtful, or they might be rendered nugatory. The presumption above indicated gains additional weight in the case at bar, from the fact that no inconsistency or anomaly is developed in such co-construction of the different acts, but that, on the contrary, the general scheme of excise legislation becomes more complete and effective while remaining harmonious as to all its parts. It follows that the commissioners have literal and express authority under the statute to revoke a license when liquor is sold to a minor by a servant, or employee of the licensee.
We have considered only the question of the power, directly granted by statute because that was the one principally discussed on the argument, and the only one adverted to in the memorandum of the commissioners, containing their resolution to revoke the license. It may be added, however, that the evidence in this case would certainly have supported a finding that the liquor in question was sold to the minor in the presence and with the actual knowledge of the relator. If the commissioners had determined that such was the fact, and that the relator did not interfere, I think they would have had ample authority to revoke the license under section 15 of chapter 628 of the Laws of 1857, as it originally stood without the amendment..
The writ should be dismissed, with costs.
Allen and Bookstaver, JJ., concur.