O’ Gorman, J.
—The relator, in this proceeding, applies for a writ of mandamus, compelling the respondents, as commissioners of excise, to return to him a license to sell liquors on his premises, in the city of New York, which license was issued by the respondents to him, on February 14th, 1889, and which would expire on February 14th, 1890.
This license, the relator avers, was wrongfully taken by the respondents on March 6th, 1889.
A similar license had been previously issued by the respondents to the relator, bearing date February 14th, 1888, expiring on February 14th, 1889.
During the continuance of that license, in January, 1889, the relator’s bartender was arrested for a violation of the excise laws, for which violation the relator was responsible. People v. Meyers, 95 N. Y., 223.
On February 27th, 1889, after the issue to the relator of the license first mentioned, the bartender pleaded guilty to the charge made against him, and was convicted, and punished by a fine.
Oil March 6th, 1889, the respondents caused that license, that is to say, the paper on which that license had been set forth, to be taken away from the premises of the relator and delivered up to the respondents.
The question now is whether, in so doing, the respondents were justified by law.
They claim to have authority for their proceeding in section 4 of chapter 549, Laws of 1873, which is in these words:
“ Any conviction for the violation of any provision of this act or acts hereby amended-, by any person or persons licensed, or at any place lincensed as herein provided, shall forfeit and annul such license. The board of excise of any nity, town or village may, at any time, and upon the complaint of any resident of said city, town or village, shall -summon before them any person or persons licensed as aforesaid; and if they shall become satisfied that any such person or persons has or have violated any of the provisions -of this act, or of the acts hereby amended, they shall revoke, cancel, and annul the license of such person or persons, which they are hereby empowered to do, and, where necessary, to enter upon the premises and take possession of and cancel such license. Upon an inquiry the said board, *437 or the party complained of, may summon, and the said board may compel the attendance of witnesses before them, and examine them under oath.”
It is claimed by the relator that the words, “ such license” refer only to the license in force at the time the violation of the excise laws was committed, and. do not affect the more recent license subsequently issued and in force at the time of the conviction.
I do not think that the meaning and effect of these words should be thus restricted.
I find these words frequently used in the various acts of the legisture of this state on the subject of excise, and in each instance, having no special, or limited, or restricted meaning, or any meaning other than “licensed to sell liquors.”
In the section above set forth, they can have no other meaning, and apply to the license which was in force when the conviction occurred, for that was the only license to relator which then existed.
1 do not see that the respondents committed any error of law in securing possession of that license and entering relator’s premises for the purpose.
The commissioners of excise were sufficiently satisfied that a violation of the law had been committed by the relator.
His license had been forfeited and annulled, ipso facto, and no formal revocation of the license by the commissioners was necessary.
The only steps which it became their duty to take, in order to make the forfeiture and annulment of the license practically effectual, were to recover possession of the license, and these steps the legislature in the said section gave, or clearly intended to give, the commissioners authority to take.
In my opinion no violence need be done to the letter of the law in holding that it sustains the action of the respondents.
They seem to have omitted no proper or prudent form.
On March 6, 1889, they wrote to the relator that his license was revoked because of his conviction of violation of the excise laws, and that they would call on him for his license, so that it be returned to the police as canceled.
But even if, in the insufficiency, of language, or the defects of hurried or confused legislation, some ambiguity may exist, there remain other guides to a right interpretation.
“ It is not the word of the law> but the internal sense of it, that makes the law.”
“The letter of the law is the body; the sense and reason of the law is the soul. ”
“The enlarged interpretation of a law will penetrate the *438 soul and spirit of the law and reach the intent and meaning of a legislator.” Potter’s Dwarris on Statutes, 175.
Applying these well-known canons of construction to the section before me, I have no difficulty in holding that the main purpose and intent of the provision here were to prevent violation of the excise laws by punishment of the subordinate offender by fine, and by the punishment of his employer, the relator in this case, ‘by depriving him of his license, thus preventing the repetition of the offense by withdrawing for a time the permission of the commissioners to continue the traffic in which the opportunity of committing such misbehavior arose.
It is unreasonable to believe that the legislature could have intended to empower the commissioners ol! excise to seize and cancel a license which had ceased, by lapse of time, to have any force or vitality or value, and deny them power to seize and cancel and remove from the premises of the relator a license which was still in force until annulled for legal cause, leaving, as it might be, in the hands of unscrupulous persons a decoy to deceive the unwary, and thus frustrate the manifest intention of the law.
In my opinion, the respondents have committed no violation of law, and the relator’s application for a mandamus must be denied.