## PEOPLE v. DURANTE et al.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

CHATTEL MORTGAGE—FRAUDULENT SALE BY MORTGAGOR.

    In view of the statutory construction act of 1892, defining personal property as "everything except real property, which may be the subject of ownership," a liquor tax certificate, which may be salable and assignable under the liquor tax law of 1896, is personal property, within the meaning of Pen. Code, § 571, making the fraudulent disposition of personal property by the mortgagor thereof a misdemeanor.

Appeal from court of general sessions, New York county.

Michael Durante and another appeal from a conviction of fraudulently disposing of mortgaged property. Affirmed.

Argued before RUMSEY, PATTERSON, WILLIAMS, INGRAHAM, and PARKER, JJ.

John Mitchell, for appellants.
John D. Lindsay, for respondent.

PATTERSON, J. The appellants were convicted in the court of general sessions of the peace of the city and county of New York of a misdemeanor, for the violation of section 571 of the Penal Code, by which it is enacted that a person "who having theretofore executed a mortgage of personal property, or any instrument intended to operate as such, sells, assigns, exchanges, secretes, or otherwise disposes of any part of the property, upon which the mortgage or other instrument is at the time a lien, with intent thereby to defraud the mortgagee, or a purchaser thereof, is guilty of a misdemeanor." On the trial of the indictment upon which the conviction was had, the following facts were admitted by the defendants, viz.: That on the 1st day of July, 1896, a liquor tax certificate, mentioned in the indictment, was lawfully and duly issued to Giovanni Durante, one of the defendants, to conduct a saloon at 61 James street, New York City, for the term of one year; that on the 17th day of July, 1896, the defendants executed a chattel mortgage, mentioned and set out in the indictment, to one Giovanni Lombardi, in which mortgage was included the liquor tax certificate; that the mortgage was given to secure the payment of a loan of $400; that on the 30th of July, 1896, the defendants surrendered the liquor tax certificate to the excise department, and received a rebate therefrom, which they appropriated to their own use; that prior to the surrender of the certificate a demand for the payment of the $400 was made by the mortgagee upon the mortgagors, and not complied with; and that the amount remained unpaid up to the filing of the indictment. The defendants moved the court, after these admissions were made, that it advise the jury to acquit on the ground that the evidence, as contained in the admission, was of the sale and surrender of a liquor tax certificate, which was not personal property, within the meaning of section 571 of the Penal Code. The motion was denied, and, the defense thereupon resting, the case was submitted to the jury, who returned a verdict of guilty.

45 N.Y.S.—68

The only question presented by this appeal relates to a liquor tax certificate being property which may be the subject of a chattel mortgage, within the meaning of the section of the Penal Code above referred to. That section relates specifically to property upon which a mortgage or instrument intended to operate as such is a lien, and, in order to bring the case within that section, that which is the subject of the lien must be something answering the description of property, and capable of being mortgaged. By the statutory construction act of 1892 personal property is defined as including "everything except real property, which may be the subject of ownership." It is a well-recognized rule that anything that may be sold or assigned may be mortgaged. Judge Story says in his Equity Jurisprudence (section 1021):

"As to kinds of property which may be mortgaged, it may be stated that in equity whatever property, personal or real, is capable of an absolute sale, may be the subject of a mortgage."

And in Neligh v. Michenor, 11 N. J. Eq. 542, Chancellor Williamson held that everything which is the subject of a contract, or which may be assigned, is capable of being mortgaged. By the inclusion of the liquor tax certificate in the articles mortgaged by these defendants to Lombardi, it was manifestly intended that, as between the parties to the instrument, that certificate should constitute part of the security for the money loaned. It may be true that prior to the year 1893 a mere license to sell liquor did not, under the law of the state of New York, constitute property, in such a sense as to make it the subject of traffic by way of sale, or that could be mortgaged; but by the provisions of the liquor tax law of 1896 a different status is given and additional qualities are annexed to a certificate granted under that act from those which theretofore attached to simple licenses to sell liquor. The certificate is given the characteristics and some essential elements of property,— limited and restricted in some respects, but nevertheless constituting a thing of value, over and beyond a mere personal permission to one holding it to conduct or carry on a certain business. Any one may now engage in the traffic (with certain exceptions) who shall pay the license tax and give a bond. People v. Murray, 149 N. Y. 367, 44 N. E. 146. A person to whom a liquor tax certificate is issued may sell, assign, and transfer such certificate during the time for which it was granted, under certain conditions, limitations, and qualifications provided for in the act. If a person holding a liquor tax certificate dies during the term for which that certificate was given, the administrator or executor of the person so dying may surrender the certificate, and have refunded the pro rata amount of the tax paid for the unexpired term of the certificate. The same may be done by a receiver or assignee of a corporation or co-partnership; and it is also provided that if any person holding a liquor tax certificate, and authorized to sell liquors, shall cease to traffic in them, under certain circumstances, he may surrender that certificate, and have refunded the pro rata amount of the tax paid. These provisions of the statute therefore recognize that a liquor tax certificate may be assets for administration, may be sold to a person not dis-

qualified, may be surrendered, and that it has a surrender money value. These incidents of property, being attached by law to such certificates, constitute them property in a legal as well as a popular sense; and, as they are salable and assignable, they are properly the subject of a mortgage. The mortgagee would acquire an absolute right, as between the parties to the instrument, to the certificate, on default in the payment of the debt secured; for the chattel mortgage mentioned in this indictment was payable on demand, and on failure to comply with the demand the instrument would operate as a bill of sale.

The conviction was right, and the judgment must be affirmed. All concur.