(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

APPEAL—AMENDMENT OF STATEMENT.
Where, upon the motion of a party who has taken an appeal to amend his printed case on appeal by inserting a statement that it contains all the evidence, the respondent concedes that in fact the case does contain all the evidence, the privilege of amending the proposed case so as to contain the statement should be granted as matter of favor.

Appeal from Westchester county court.

Action by Martin, Bing & Co. against Louis Baust and others. From an order denying a motion to amend the printed case on appeal, Baust appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Richard T. Greene, for appellant.

Henry O. Griffin, for respondents.

PER CURIAM. The respondent was doubtless correct in his contention that the plaintiff should have inserted in his proposed case the statement that it contained all the evidence, if he wished that fact to appear in the record, because it is such a statement alone that gives the respondent information that questions of fact are to be reviewed on appeal, and puts him on his guard to see that all the requisite testimony is inserted.    Otherwise he may assume that only questions of law are to be raised, and the record need only contain sufficient evidence to support the rulings of the court below.    But in this case the respondent concedes that in fact the case does contain all the evidence; and therefore we think that, as matter of favor, the appellant ought to have been given the privilege of amending his proposed case so as to contain such a statement.

The order appealed from should be reversed, and the motion granted, on payment by appellant of $10 costs, and inserting the exhibits to be designated by the respondent.

In re LIVINGSTON.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

LIQUOR LICENSE—REVOCATION—CONSTITUTIONAL LAW.
Although liquor tax certificates are property, yet, being made so only by virtue of the provisions of the liquor tax law (Laws 1896, c. 112, amended by Laws 1897, c. 312), their character as property is subject to all the provisions attached to them in their creation, including the provisions of the act for their cancellation and revocation without a jury trial; and the provision of the constitution prohibiting the taking of property without due process of law has no application.

Appeal from special term.

In the matter of the petition of Caroline A. Livingston to revoke the liquor tax certificate issued to John Shady.    From an order revoking the certificate, Shady appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

James A. Dunn, for appellant.

Robert A. B. Dayton, for respondent.

WILLIAMS, J.    The proceeding was instigated by a citizen resid-
ing within 200 feet of the premises licensed, under subdivision 2, § 28,
of the liquor tax law (Laws 1896, c. 112, as amended by Laws 1897,
c. 312), to revoke the certificate on the ground that the applicant did
not file with the application for the license the consent that traffic in
liquor be carried on in the premises, signed by two-thirds of the own-
ers of buildings occupied exclusively for dwellings within 200 feet
of the place licensed, as required by subdivision 8, § 17, of the liquor
tax law.    The applicant stated that there were but three owners
of such buildings, and he filed the consent of two of the three.    The
evidence given in this proceeding showed beyond question that this
statement in the application was untrue, and that the consent of two-
thirds of such owners was not filed with the application; and the
court very properly made this order revoking the license for that rea-
son.    It is said, however, that, before the applicant could be de-
prived of his certificate, he was entitled to have a trial by jury, under
the constitution; that the certificate was property, and he could not
be deprived of such property without due process of law.    We have
held that these certificates are property.    People v. Durante, 19
App. Div. 292, 45 N. Y. Supp. 1073.    They were made such by virtue
of the provisions of the liquor tax law, but the legislature which gave
the certificate the character of property had power to, and did, by the
same act, provide both for their issuance and cancellation, and under
what circumstances they should be valid, and when and how they
might be revoked.    The character given them as property was sub-
ject to all these provisions attached to them when they were created.
Applicants take them with all their privileges, and subject to all the
burdens imposed upon them by the liquor tax law.

The order appealed from should be affirmed, with costs.    All concur.