(26 Misc. Rep. 300.)

## In re LYMAN.

(Supreme Court, Special Term, Albany County. February, 1899.)

1. INTOXICATING LIQUORS—POSTING OF TAX CERTIFICATE—REBATE.

Liquor-Tax Law, § 21, requires the tax certificate to be at all times displayed in a conspicuous place on the premises. Section 31 makes it unlawful for any one who has not paid the tax "and" posted the certificate to sell liquors in certain quantities. *Held*, that where a liquor dealer, who has ceased the traffic, applies for a rebate and surrenders his certificate, pursuant to section 25, subsequent sales are a violation of section 31, though the certificate has not been accepted nor the rebate paid, and accordingly, under section 34, subd. 2, the right to the rebate becomes forfeited.

2. SAME—REVOCATION OF CERTIFICATE—SERVICE OF PAPERS.

Under Liquor-Tax Law, § 28, requiring a copy of the petition for revocation of a liquor-tax certificate to be served on "the holder of such certificate," it is sufficient to serve copies on the person authorized to sell liquors under it, without serving one who holds it as collateral.

Petition of Henry H. Lyman for an order revoking the liquor-tax certificate issued to William Fagan. Granted.

William E. Schenck, for petitioner.

James J. Farren, for defendant.

CHESTER, J. The defendant contests this application on two grounds: First, because the assignee of the certificate has not been made a party to the proceeding, nor been served with a copy of the petition and order to show cause; and, second, because, as he claims, he has not violated any provision of the liquor-tax law, a conviction for which would cause a forfeiture of his certificate, or of the right to a rebate of a portion of the tax paid thereon.

The last-mentioned ground will be considered first. The proof shows that application, under section 25 of the liquor-tax law, to surrender the certificate in question, and for a refunding of the pro rata amount of the tax paid for the unexpired term of such certificate, was made to the county treasurer of Albany county on November 30, 1898. The petition, which was accompanied with the surrendered certificate, stated that the petitioner had voluntarily ceased to traffic in liquors during the term for which said certificate was issued. The petition and certificate were received in due course by the state commissioner of excise the next day, December 1st. Notwithstanding this surrender and application for rebate, the defendant did not cease to traffic in liquors, but thereafter, and during the month of December, sold whisky to be drunk on the premises where sold, and for which this certificate was issued. For this trafficking, after the surrender of the certificate, the petitioner seeks to procure a revocation and cancellation of the certificate, the effect of which will be a forfeiture of all right to any rebate thereunder. Liquor-Tax Law, § 25; Laws 1896, c. 112, as amended by Laws 1897, c. 312. This proceeding was commenced within 30 days after the receipt of the certificate by the state commissioner of excise.

The contention of the defendant with respect to this branch of the case is, in brief, that, so long as the surrender of the certificate

had not yet been accepted and the rebate paid, the certificate was still in force, and, therefore, that this selling of whisky, in December, was not an unlawful trafficking in liquor, and that the only effect of such selling is to deprive him or his assignee of the right to the rebate for that month. He insists that there is nothing in the liquor-tax law to make such selling a cause for forfeiture of the certificate or of the rebate, and that, therefore, the petition must be dismissed, and leave him or his assignee free to make a new application for surrender and for the rebate for such time during the remaining term of the certificate as he has, in fact, ceased wholly from the traffic.

The liquor-tax law provides, in section 21, that:

"Before commencing or doing any business for the time for which the excise tax is paid and the certificate is given, the said liquor-tax certificate shall be posted up and at all times displayed in a conspicuous place in the room or bar where the traffic in liquors for which the tax was paid is carried on, so that all persons visiting such place may readily see the same, but if there be a door opening from the street into the room or barroom where the traffic in liquors is carried on and a window facing the street upon which such door opens, such certificate shall be displayed in such window so it may be readily seen from the street."

The certificate in question bore on its face the words, "Severe penalties are imposed for neglect or refusal to place and keep this certificate conspicuously in your place of business," in accordance with the requirement to that effect contained in section 20.

Section 31 of said law provides that:

"It shall not be lawful for any corporation, association, copartnership or person which, or who, has not paid a tax as provided in section eleven of this act and obtained and posted the liquor-tax certificate as provided in this act to sell, offer or expose for sale, or give away liquors in any quantity less than five wine gallons at a time; nor, without having paid such tax and complied with the provisions of this act, to sell, offer or expose for sale, or give away liquor in any quantity whatever, any part of which is to be drunk on the premises of such vendor."

Subdivision 2 of section 34 of said law provides that:

"Any corporation, association, copartnership or person, * * * who shall violate the provisions of this act by trafficking in liquors contrary to the provisions of sections eleven, twenty-two, twenty-three, twenty-four, thirty or thirty-one, shall be guilty of a misdemeanor, and upon conviction therefor * * * shall forfeit the liquor-tax certificate, and be deprived of all rights and privileges thereunder, * * * and of any right to a rebate of any portion of the tax paid thereon."

Subdivision 2 of section 28 of said law authorizes any citizen of the state to present a verified petition to the court or a justice for an order revoking and canceling the certificate upon the ground that the holder "is not entitled, on account of the violation of any provisions of this law, conviction for which would cause a forfeiture of such certificate, or for any other reason, to hold such certificate."

The law also requires a person holding a certificate who has ceased to traffic in liquors thereunder, and who applies for a rebate, to surrender his certificate to the officer who issued the same or to his successor in office. Section 25. This was done in this case. It is evident that the surrender of the certificate required by this section could not be made, and at the same time that it could be conspicuously posted up in the barroom or the barroom window, as required

by section 21.    It is clear, therefore, that the sales of liquors proven in this case were made when the certificate was not so posted, and in violation of that section.

But it is said that section 21 is not one of those named in subdivision 2 of section 34, above mentioned, in which is enumerated the sections a violation of which is a cause for forfeiture of the certificate and of the right to a rebate thereunder.    This is true; but section 31 is there named, and in that section it is made unlawful for any person, who has not paid the tax "and" posted the certificate as provided in the act, to sell liquors in any quantity less than five wine gallons at a time, nor "without having paid such tax *and* complied with the provisions of this act, to sell   *   *   *   liquor in any quantity whatever, any part of which is to be drunk on the premises of such vendor."    It will be seen that the word "and," and not the word "or," is used to connect the different parts of these sentences, and therefore the payment of the tax alone is not sufficient to protect the vendor.    He must do that, and also comply with the provisions of the law with respect to posting the certificate where it can at all times readily be seen, else the sale of liquor is illegal, under section 31.    That was not done in this case.    The sale was therefore illegal under that section, and cause for forfeiture of the certificate, and of all right to rebate thereunder, pursuant to subdivision 2 of section 34.

The defendant also insists that the provision of the law (section 28) requiring that a copy of the petition and order "shall be served upon the holder of such certificate" has not been complied with.    The claim is that the Quinn & Nolan Ale-Brewing Company is the holder of the certificate by virtue of an assignment thereof to it.    It appears that on the 30th day of April, 1898, the day upon which the certificate bears date, the defendant executed a paper in which it was recited that this brewing company had loaned him the sum of $150 for the purpose of enabling him to pay the tax and take out the certificate, and for which he had delivered to such company his note, and that he sold and assigned such certificate to said brewing company, and all moneys to be refunded upon the surrender thereof, as collateral security for the payment of said note.    He also, in that paper, appointed the general manager of the company as his attorney to surrender said certificate and to receive and receipt for the rebate.    The petition for the surrender was made in the name of the defendant by such general manager, under this power of attorney.    There is no claim here that there has ever been any transfer of the certificate, under section 27 of the liquor tax law, to the brewing company, which would authorize it, instead of the defendant, to carry on the business under the certificate.

It seems to me clear that the phrase, "holder of the certificate," as used in the statute, means the person authorized to sell liquors under it, and cannot fairly be held to mean a corporation who may chance to have an assignment of it as collateral security for a loan. This construction is evident from an examination of section 11 of the law, where the phrase is used in that sense in several of the subdivisions of that section.    For instance, under subdivision 1, which is

the one under which the certificate in question was issued, after defining the taxes and the kind of traffic that may be carried on under that subdivision, it is said: "The holder of a liquor-tax certificate under this subdivision is entitled also to traffic in liquors as though he held a liquor-tax certificate under subdivision 2 of this section." The phrase is used also with the same meaning in subdivisions 2, 3, and 5. It is used again in section 25 of the law, where it is said that "a person holding a liquor-tax certificate and authorized to sell liquors under the provisions of this act" may surrender the same, and apply for a rebate, under the conditions named in this section.

If I am right as to the meaning of this phrase which I have stated, the defendant was the holder of the certificate in question, and service of the petition and order upon him alone was sufficient to give the court jurisdiction of the proceeding and to revoke the certificate. It was held in People v. Lyman, 27 App. Div. 527, 50 N. Y. Supp. 497, affirmed 156 N. Y. 407, 50 N. E. 1112, that the indictment and arrest of one of a firm holding a liquor-tax certificate within 30 days after the surrender, for a violation of the liquor law, suspends the right of an assignee holding the same as collateral security to the rebate, and that the right of such assignee to the rebate was conditional and dependent upon the completion of 30 days after the surrender without a violation of the law by the persons to whom it was issued. This case supports, to a considerable extent, the view of the statute I have above indicated.

For the reasons given, I think the certificate should be revoked and canceled, with such costs to the petitioner as may properly be taxed in a special proceeding, under section 3240 of the Code of Civil Procedure. Ordered accordingly.