In re MICHELL.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. INTOXICATINᴜ LIQUORS—POSTING TAX CERTIFICATE.
    Laws 1896, c. 112, § 21, as amended by Laws 1897, c. 312, provides that
    any liquor dealer who shall fail to keep his liquor tax certificate posted in
    a conspicuous place in the barroom shall be liable to a forfeiture of such
    certificate. Respondent's tax certificate had been removed by a brewing

company to whom it had been assigned as security for a debt. After such removal, and during respondent's absence, liquor was sold in the barroom of the hotel, which was under the management of respondent's brother. *Held*, that the certificate was thereby made subject to forfeiture.

2. SAME—ASSIGNMENT—FORFEITURE.
   Laws 1896, c. 112, § 21, provides that any liquor dealer who shall fail to keep his liquor tax certificate posted in a conspicuous place in the barroom, shall be liable to a forfeiture thereof. Section 25 provides that the person to whom the certificate was issued may, upon ceasing to sell liquors, surrender the certificate, and receive a rebate for the unexpired term. It further provides that if, within 30 days after the surrender of the certificate to the commissioner of excise, a proceeding is begun tó forfeit the certificate, the application for rebate shall be suspended until the final determination of the proceedings, and, if adverse to the certificate holder, then the certificate shall be canceled and all rebate thereon forfeited. Respondent assigned his certificate to a brewing company as security for a debt, and it thereafter removed the certificate from respondent's barroom, and sent it to the excise commissioner for cancellation. After the removal of the certificate, liquor was sold by respondent's agents in the room for which the certificate was issued. A proceeding was begun within 30 days after its delivery to the commissioner to forfeit it for not being posted. *Held* that, as the brewing company could only surrender the certificate in the name of the respondent, the assignment could not be urged as an objection to a proceeding to forfeit the certificate.

Appeal from special term, Kings county.

Appeal by Harry W. Michell from an order of the supreme court denying an application for the revocation and cancellation of a liquor tax certificate issued to Richard F. James. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alfred R. Page, for appellant.
C. William Wright, for respondent, Richard F. James.

WILLARD BARTLETT, J. There is no dispute as to the facts of this case, and in my opinion they entitle the petitioner to an order revoking and canceling the respondent's liquor tax certificate. It is proved that liquor was sold by the glass at the respondent's hotel, then in charge of his brother as his agent, when the certificate was nowhere on the premises, having been removed therefrom by a brewing company to which it had been assigned by the respondent as security for a debt. The statute requires that "the liquor tax certificate shall be posted up and at all times displayed in a conspicuous place in the room or bar where the traffic in liquors for which the tax was paid is carried on." Laws 1896, c. 112, § 21, as amended by Laws 1897, c. 312. Section 42 provides, among other things, that any person who shall violate any of the provisions of section 21 (the section above quoted, which requires the certificate to be kept displayed) shall be liable to a penalty of $50, and that, if he be the holder of a liquor tax certificate, such certificate shall be forfeited. Subdivision 2 of section 28 authorizes an application to the supreme court by any citizen of the state for an order revoking and canceling a liquor tax certificate "upon the ground that material statements in the application of the holder of such certificate were false, or that he was not entitled to receive, or is not entitled, on

account of the violation of any of the provisions of this law, conviction for which would cause a forfeiture of such certificate, or for any other reason, to hold such certificate." From these provisions it is apparent that the respondent's failure to keep the certificate at all times displayed in the room or bar where he carried on the liquor traffic rendered the certificate liable to cancellation in a proceeding of this character. The acts of the respondent's brother, who managed his hotel in his absence, must be deemed the acts of the respondent. The certificate was taken away by a corporation which held an assignment of the instrument from the respondent. The fact that this was done in his absence or without the consent of his agent does not affect his liability. He had placed it in the power of the assignee of the certificate to take it away, and, if the assignee exercised that power, he must bear the consequences. The sale of liquor by the brother was carried on notwithstanding the removal of the certificate. This was a violation of the law which subjected the certificate to forfeiture and cancellation.

Nor is it a valid objection to the maintenance of the proceeding that an application has been made (presumably by the brewing company as the assignee of the respondent) to surrender the certificate. On January 6, 1899, it was received by the state commissioner of excise, to whom it had been sent for surrender. The sale of liquor at the respondent's hotel occurred on January 12, 1899. Section 25 of the liquor tax law, which relates to the surrender of certificates and the payment of rebates, provides, in substance, that if, within 30 days from the receipt of the certificate by the state commissioner, proceedings shall be instituted for its cancellation, the application in reference to its surrender shall not be granted until the final determination of the proceedings, and, if the proceedings are determined adversely to the person defending the same, the certificate shall be canceled and all rebate thereon forfeited. This proceeding was instituted within the prescribed 30 days, and was therefore maintainable, notwithstanding the transmission of the certificate to the state commissioner for surrender. It is to be noted that the only persons or corporations possessing the privilege of such surrender, under the liquor tax law, are persons or corporations holding certificates, and authorized to sell liquors under the provisions of the act, who shall voluntarily cease to traffic in liquors during the term for which the tax has been paid. It would seem, therefore, that no valid application to surrender the certificate could have been made in the case at bar by the brewing company, except in the name or in behalf of the respondent, to whom the certificate had been issued; and the respondent was not entitled to surrender it, because he had not ceased to carry on the liquor traffic. On the contrary, he insisted upon his right to continue it, notwithstanding that the brewing company had removed his certificate. The assignment was merely as security for an indebtedness, and conveyed to the assignee no right to engage in the liquor business; so that the brewing company did not become a holder thereof authorized to sell liquors. Hence it acquired no right to surrender the certificate, except as the representative of the assignor, and in case the assignor had abandoned liquor

.selling. The brewing company took the certificate subject to the conditions under which the respondent held it, and the brewing company's right to have the surrender accepted and to receive the rebate was conditional upon the lapse of 30 days without any violation of the liquor tax law by their assignor. People v. Lyman, 156 N. Y. 407, 50 N. E. 1112. See, also, the opinion of Chester, J., at .special term, in Re Lyman (Sup.) 56 N. Y. Supp. 1020.

It may be said that this construction of the law renders the assignee liable to be deprived of the security for his debt by the misconduct of his debtor subsequent to the transfer. That result, however, is due to the infirmity which the legislature has attached to .such property right as is represented by a liquor tax certificate. It is an infirmity which the courts have no power to cure.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and application granted, with $10 costs. All concur.