In the Matter of the Petition of HENRY H. LYMAN, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 10,320, Issued to MALCOM BREWING COMPANY, Respondent.

1. LIQUOR TAX LAW — CERTIFICATE AS TRANSFERABLE PROPERTY— PROTECTION AGAINST REVOCATION. A liquor tax certificate constitutes, under the present law (L. 1897, ch. 312, § 27), a species of property transferable by the party procuring the same; the privilege or right which it confers upon the holder cannot be revoked except in the manner and for the causes prescribed in the statute; and the holder may invoke the general rules of law for the protection of property in any proceeding having for its object the forfeiture or destruction of the right which the certificate confers.

2. ORIGINAL HOLDER OF CERTIFICATE, HAVING PERMITTED ITS LAWFUL USE TO ANOTHER, NOT RESPONSIBLE FOR USER'S TRAFFIC AT UNLICENSED PLACE. Where the original holder of a liquor tax certificate has permitted another to use it to do business at the place designated therein, and it does not appear that the relation of principal and agent existed between them, or that the original holder intended or authorized the use of the certificate in any other than a lawful way, if the user traffics in liquor at another place than that designated in the certificate, he acts, as to such business, simply without a license, and he alone, and not the original holder of the certificate, is responsible for the consequences.

3. CERTIFICATE FOR DESIGNATED PLACE ON BALL GROUND — INCI-DENTAL DELIVERY OF BEER AT OTHER PLACES ON GROUND. Where a liquor tax certificate designates a particular place on a ball ground, the delivery of beer to the public on the ground where games of ball are being played, at places other than the precise location specified in the certificate, does not constitute a violation of the law by any one, where such delivery is an incident to and part of the business which might be carried on under the certificate.

4. SCOPE OF TRAFFIC UNDER CERTIFICATE FOR DESIGNATED PLACE ON PUBLIC GROUNDS. The business of trafficking in liquor, authorized by a liquor tax certificate designating a place in a park or upon public grounds where people congregate on special occasions, comprehends something more than the right to sell over a bar at the designated point to such persons as go to the bar to be served. It fairly includes the right of the holder to distribute liquors in the glass by waiters to the patrons of the public place where the bar is located.

5. CONVICTION A CONDITION PRECEDENT TO FORFEITURE OF CERTIFI-CATE. Where there is no claim that the party procuring the liquor tax certificate was not entitled to receive or hold it at the time it was delivered, but it is claimed that by a subsequent violation of the law, covered by prescribed penalties, the certificate has been forfeited, *it seems* that the forfeiture cannot be enforced by a summary application to a judge for a revocation of the certificate, but can be enforced only upon an indictment or criminal charge, conducted according to the rules governing criminal procedure, and after a conviction by a jury.*

*Matter of Lyman*, 40 App. Div. 46, affirmed.

(Argued June 7, 1899; decided October 3, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 3, 1899, affirming an order of Special Term denying an application for a revocation of a liquor tax certificate.

The facts, so far as material, are stated in the opinion

*S. B. Mead* for appellant. The violation complained of was such a violation as would justify the criminal conviction of the holder of the certificate in question. (L. 1897, ch. 312, §§ 17, 34.) Stevens was trafficking in liquors at the premises in question as agent of the Malcom Brewing Company. (*People ex rel.* v. *Murray*, 148 N. Y. 171; *Matter of Ritchie*, 18 Misc. Rep. 341; *Matter of Zinzow*, 18 Misc.

---

* See opinion on motion for reargument, 161 N. Y: 119.

13

Rep. 653; *People ex rel.* v. *Lyman*, 156 N. Y. 407.) The Malcom Brewing Company is liable for the wrongful acts of its agent Stevens, whether committed with or without their knowledge, assent or authority. (L. 1897, ch. 312, § 34, subd. 3; *Smith* v. *Reynolds*, 8 Hun, 129; *Overseers of the Poor* v. *Hall*, 20 Wkly. Dig. 33; 107 Mass. 199; *Amerman* v. *Kall*, 34 Hun, 126; Story on Agency, 563; *Lee* v. *Vil. of Sandy Hill*, 40 N. Y. 448; *Atty.-Gen.* v. *Liddon*, 1 Cromp. & P. 219; *Comm.* v. *Nichols*, 10 Metc. 259; *V. C. Co.* v. *Murtaugh*, 50 N. Y. 320; *United States* v. *Voss*, 1 Cranch, 101; *United States* v. *Connors*, 1 Cranch, 102.) Two distinct violations of law, by selling liquor at a " second place, distinctly maintained," were proven and stand on the record undisputed. (L. 1897, ch. 312, § 11, subd. 6.)

*J. F. Bullwinkel* for respondent. There being a manifest defect of jurisdiction as alleged in the petition, upon which this proceeding was commenced, it is still tenable as an objection for the purpose of affirming the order of the lower court. (L. 1897, ch. 312, §§ 28, 29, 34; *Delafield* v. *Illinois*, 2 Hill, 159; *Holmes* v. *Honie*, 8 How. Pr. 383; *Hallett* v. *Righters*, 13 How. Pr. 43; *Pitt* v. *Davison*, 37 Barb. 97; *Davis* v. *Packard*, 8 Pet. 312.) The person to whom the liquor tax certificate was delivered was not the agent of the Malcom Brewing Company. The liquor tax certificate was delivered to him, and he was to pay for it in the extra price for the lager beer sold to him. The Malcom Brewing Company had no interest in the business carried on at this particular place. (*Robinson* v. *Easton*, 93 Cal. 82; *Gibney* v. *Curtis*, 61 Md. 192; *Adams* v. *Whittlesey*, 3 Conn. 567; *Ripley* v. *Little*, 19 Wkly. Dig. 165; *People* v. *Utter*, 44 Barb. 170; L. 1897, ch. 312, § 11, subd. 1.) The conviction of the bartender for the violation of Laws 1892, chapter 401, was not ground for the revocation of the license. (*People ex rel.* v. *Excise Comrs.*, 2 App. Div. 89.)

O'BRIEN, J. The commissioner of excise filed a petition with the court, praying that the liquor tax certificate issued

by him under the statute to the Malcom Brewing Company
a corporation, be revoked and canceled, on the ground that it
had been forfeited by the acts of the company which were
alleged in the petition. The court, at Special Term, denied
the application, and the Appellate Division has affirmed the
order.

The application to revoke the license was based upon an
allegation that the person holding it sold liquor at more than
one place on the premises described in the certificate, in vio-
lation of the statute. The company was authorized by the cer-
tificate to traffic in liquors at a place therein described, in these
words : " Inside Washington Park Base Ball Grounds, north
side of Third street, three hundred and fifty feet east of
Third avenue, Brooklyn." The misconduct alleged on the
part of the company as the ground for revoking the certifi-
cate is that, on a day named, it sold two glasses of lager beer
to a person named on another part of the grounds or park,
and, as claimed, at another place, without having paid the tax
for the permission to sell at that particular place. The appli-
cation seems to be founded upon the theory that the delivery
of any liquors by the company to visitors upon the grounds,
except at the precise place designated in the certificate, was a
violation of the penal provisions of the statute, and a legal
cause for the revocation of the certificate.

The company paid the tax on procuring the certificate, but
the commissioner claims that this certificate thus procured has
been forfeited because sales of beer were made upon the
grounds by the holder at another place than that described
therein. The sale of the lager beer at the other place, for
which a forfeiture of the license is claimed, appears to have
been made to a special agent of the commissioner. The testi-
mony upon which the court dismissed the proceedings dis-
closed substantially the following facts : The business of
selling the beer on the grounds was carried on by one Stevens,
to whom the company sold beer and gave the use of the cer-
tificate. He owned the liquor and had the profits of the
business.

Liquor tax certificates, or the right to engage in the sale of liquors, constitute, under the present law, a species of property transferable by the party procuring the same. (Laws of 1897, ch. 312, § 27.) The privilege or right which it confers upon the holder cannot be revoked except in the manner and for the causes prescribed in the statute. The holder may invoke the general rules of law for the protection of property in any proceeding having for its object the forfeiture or destruction of the right which the certificate confers.

This suggests the inquiry as to how far the brewing company or its property is liable for the acts of Stevens. It does not appear that the relation of principal and agent existed between them. The company permitted him to use the certificate to do business at a designated place, and in compliance with it. There is nothing in the record to show that they intended, or authorized its use, in any other than a lawful way. It may be that for any violation of law committed by him at the place designated the company or its property might be responsible. But if he started the liquor business at some other place, or at several other places, he would then be engaged in something wholly disconnected from the business which the certificate authorized. As to the business so disconnected he was simply acting without license, and he alone and not the company is responsible for the consequences. On the other hand, if the delivery of the beer to the public on the ground where games of ball were being played, at places other than the precise location specified in the certificate, was incident to and part of the business which might be carried on under it, then there was no violation of the law by any one. This was the construction which the learned court below gave to the transaction, and as we think correctly. The testimony tended to show that there was a bar on the premises at the location named, but when games were being played on the grounds kegs of beer were placed at other localities; waiters would take the orders of spectators on the various stands through the grounds and bring these orders to men in charge of the kegs, who would furnish them glasses of beer to be delivered

to the customers. The waiters on receiving the beer would give checks or tickets for the beer taken, for which they were held responsible, and would collect money for their sales from the customers. The business of trafficking in liquors, authorized by the certificate in a park or upon public grounds where people congregate on special occasions, comprehends something more than the right to sell over a bar at a designated point to such persons as go to the bar to be served. It fairly includes the right of the holder to distribute liquors in the glass by waiters to the patrons of the public place where the bar is located. The regulations of the place may provide for seating the public upon stands and other convenient places, and restrict them from access to the whole grounds. In such cases it would seem to be reasonable to assume that a person authorized to sell liquor to the public frequenting the place should have the right to reach the public from his bar on the grounds through waiters employed to distribute to the patrons of the place what he was authorized to sell and deliver. The license covers not only the right to sell over a bar, but whatever else is fairly included in or incidental to the business authorized. The proof was, therefore, open to the construction given to it by the court below, and since the facts have all been found against the commissioner no question of law is presented by the appeal.

But there is another and, as it seems to me, very conclusive answer to this appeal. We have seen that the privilege conferred by the certificate is a property right. The holder cannot be held to have forfeited this right until a case is made which answers all the requirements of the statute. The thirty-fourth section of the act defines the cases when the certificate is forfeited in the following language : " Any corporation, association, co-partnership or person who shall ＊ ＊ ＊ violate the provisions of this act by trafficking in liquors contrary to the provisions of section eleven ＊ ＊ ＊ shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not more than five hundred dollars or by imprisonment in a county jail or penitentiary for a term of not

more than one year, or by both such fine and imprisonment, and shall forfeit the liquor tax certificate, and be deprived of all rights and privileges thereunder, and of any right to a rebate of any portion of the tax paid thereon, and such certificate shall be surrendered to the officer who issued it, or to his successor in office, who shall immediately forward the same to the state commissioner of excise for cancellation." It is very evident that the forfeiture of the certificate is a part of the penalty for all infractions of the law comprehended in this section, and follows only in cases where there is a judgment of conviction. A party cannot be subjected to a forfeiture of his rights of property upon a summary investigation before a judge or magistrate, but only upon an indictment or criminal charge, conducted according to the rules governing criminal procedure, and after a conviction by a jury. The power to fine and imprison, and to forfeit the certificate, depends upon the same condition, and that is the conviction of the offender.

In this case the commissioner is seeking to do two things : (1) To convict some one of a criminal infraction of the law before a judge at Special Term, and (2) to have the certificate of the brewing company forfeited as the result of such conviction. It is quite clear that the statute does not authorize any such proceeding. The twenty-eighth section of the act provides simply for a proceeding to revoke a certificate granted to a party not entitled to receive or hold it, or upon false representations. Any other construction of the statute would present this anomaly : the holder of a certificate could be deprived of the right conferred by it through a forfeiture summarily adjudged, and afterwards be acquitted by the jury upon a trial of the charge in the regular way, and thus we would have the case of a person suffering the penalty for an offense of which he was adjudged to be innocent.

In this case there is no claim that the party procuring the certificate was not entitled to receive or hold it at the time it was delivered. The claim is that by a subsequent violation of the law, covered by the prescribed penalties, it was forfeited. If in this case Stevens was trafficking in liquors contrary to the

statute, he was liable to criminal prosecution, and if convicted the same question would then arise that has been presented before, and that is whether the certificate of the company could be forfeited for his wrongful act committed, so far as appears, without its consent or knowledge. It has been held that under such circumstances the holder of the license cannot be made to suffer even for the unlawful act of his bartender, though the latter had been duly convicted. (*People ex rel. Friel* v. *Commissioners*, 2 App. Div. 89.)

It is quite apparent, therefore, that the courts below were right in dismissing this proceeding, and the order from which the appeal is taken should be affirmed, with costs.

All concur (MARTIN and VANN, JJ., on first ground stated in opinion), except BARTLETT, J., not voting.

Order affirmed.