### In re LYMAN.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

INTOXICATING LIQUORS—REVOCATION OF LICENSE.

 A liquor tax certificate cannot be forfeited in a summary proceeding before a justice of the supreme court or a magistrate on account of the holder's violation of the excise law in selling liquor to be drunk on premises without a license or liquor tax certificate authorizing such a sale, in the absence of conviction for such offense in a regular criminal trial.

Appeal from special term, Kings county.

Henry H. Lyman, state commissioner of excise, petitioned for an order revoking and canceling a liquor tax certificate held by Raffaele Salatino, and from an order of the supreme court at special term denying the petition (57 N. Y. Supp. 888) the commissioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

P. W. Cullinan, for appellant.
Louis J. Somerville, for respondent.

PER CURIAM. The only ground on which it was sought to have the respondent's license revoked was that he had violated the excise

law in selling liquor to be drunk on the premises without a license or liquor tax certificate authorizing such sale. In Re Lyman, 160 N. Y. 96, 54 N. E. 577, the court of appeals has held that a liquor tax certificate can be forfeited for a violation of law by the holder only upon a conviction for such offense, and not in a summary investigation before a justice of this court or a magistrate. It follows that this proceeding cannot be maintained.

The order appealed from should be affirmed, with $10 costs and disbursements.