In the Matter of the Petition of Henry H. Lyman, as State. Commissioner of Excise, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 10,320, Issued to Malcom Brewing Company, Respondent.

1. Motions for Reargument. It is not the usual practice of the Court of Appeals to permit rearguments for the purpose of correcting some error in the reasoning of the court as expressed in the opinion, when it is admitted that the decision itself is correct.

2. Forfeiture of Liquor Tax Certificate. The question whether a forfeiture of a liquor tax certificate can only follow a criminal conviction, discussed in opinion reported 160 N. Y. 96, is open for further discussion whenever it shall be necessary to the disposition of an actual controversy; and, in such case, the court will not regard itself concluded by what is stated in that opinion.

(Submitted November 20, 1899; decided November 28, 1899.)

Motion for reargument of case reported in volume 160 New York Reports, at page 96.

*Mead & Stranahan*, for appellant, for motion.

*J. F. Bullwinkel*, for respondent, opposed.

O'Brien, J. The counsel for the commissioner of excise have applied for the reargument of this case. The motion papers seem to admit that the decision is right, and the only purpose of the motion is to correct some errors that it is said inhere in the reasons upon which the decision was based, and to show that so far as the opinion asserts that the right to revoke a tax certificate depends upon a criminal conviction, it is based upon an erroneous construction of the statute.

It is not the usual practice to permit rearguments in this court for the purpose of correcting some error in the reasoning of the court as expressed in the opinion, when it is admitted that the decision itself is correct. There are doubtless many cases where a reargument might be asked if that

practice was adopted. But it is stated in the moving affidavits and not denied, that upon the argument of the case in this court the appellant did not appear to argue the case, but submitted his points, and that the counsel for the commissioner failed to notice the objection that a forfeiture of a tax certificate could only follow a criminal conviction, and, consequently, omitted to present any argument or authorities on that subject. It is further stated that this construction of the statute, if sustained, will greatly embarrass the commissioner in the administration of the law.

In view of these considerations, we think that it is only fair to the commissioner to say that with respect to the point upon which he desires to present further argument we ought to regard the question as still open for further discussion whenever it arises in an actual controversy presented, so that in a case involving the same question coming here we will not regard ourselves concluded by what has been stated in the opinion. It will then be open to the counsel for the commissioner to make such arguments on that point as he may be advised. This disposition of the motion for a reargument avoids the necessity for a rehearing in a case which it is admitted has been rightly decided, without at the same time foreclosing further discussion on the question referred to, whenever such discussion shall be necessary to the disposition of an actual controversy.

The motion for a reargument, should, therefore, be denied, but without costs.

All concur.

Motion denied.