(30 Misc. Rep. 517.)

### In re HALBRAN.

(Supreme Court, Special Term, New York County. February, 1900.)

1. INTOXICATING LIQUORS—REVOCATION OF CERTIFICATE—ABATEMENT OF PROCEEDINGS.

One may maintain proceedings under Liquor-Tax Law, § 28, subd. 2, for a revocation of a liquor-tax certificate, after an abatement of prior proceedings by the petitioner's death.

2. SAME—CHARACTER OF PETITIONER—CITIZENS.

A petition authorized by "any citizen," under Liquor-Tax Law, § 28, subd. 2, for a revocation of a liquor-tax certificate, need not allege that petitioner is a taxpayer.

Petition by Adolph Halbran against Michael Merkel and Thomas J. Donnellon for a revocation of a liquor-tax certificate. Motion to dismiss denied.

Lyman B. Bunnell, for petitioner.

BEEKMAN, J. This is a proceeding instituted under subdivision 2 of section 28 of the liquor-tax law for the cancellation of a liquor-tax certificate on the ground that the property for which the certificate was issued was within 200 feet of a church edifice; that it was also within 200 feet of private houses occupied exclusively as private residences, and that the consents of two-thirds of the owners of the same had not been obtained; that the consent of the owner of the premises on which the traffic was to be conducted had not been duly secured; and that the answers to certain questions contained in the statement filed with the subcommissioner of excise in this county when the application for the certificate was made were false. These allegations are all put in issue by the answer which has been filed by the respondent. The usual course in such cases must therefore be followed, and the matter sent to a referee to take proof. The proceeding which had previously been instituted against the respondent by one Clark with respect to the same matters abated by his death, and, not having been revived, it in no way constitutes an objection to the maintenance of this proceeding, which has been brought by another person. The claim that the petition should be dismissed under the authority of In re Lyman, 160 N. Y. 96, 54 N. E. 577, is untenable, as is also the contention that the petition is defective because of its failure to show that the petitioner is a taxpayer, for the reasons which I have stated in my memorandum in the case of In re Halbran, 30 Misc. Rep. 515, 63 N. Y. Supp. 1024. Ordered accordingly.