Supreme Court, New York Special Term. Reported. N. Y. L. J., March 4, 1902.

In the Matter of the Petition of PATRICK W. CULLINAN to Revoke the Liquor Tax Certificate of JOSEPH A. BYRNE.

*H. H. Kellogg,* for petitioner.

*Goeller, Shaffer & Eisler,* for respondent.

LEVENTRITT, J.: The respondent did not " cease to traffic in liquors during the term for which the tax is paid," and proceedings to revoke and cancel the certificate have been instituted within the thirty days required by the statute (Liquor Tax Law, §25.) The facts are undisputed, the respondent does not deny the sales of liquor after the surrender of the certificate. It has been several times held that violations subsequent to the surrender and within the thirty days forfeit the right to the rebate, and that the property right therein does not become complete until all prohibitions have been removed. (*Matter of Livingston* v. *Shady,* 24 App. Div. 51; *People ex rel. Lyman* v. *Miller,* 156 N. Y. 407; *Matter of Lyman* v. *Fagan,* 26 Misc. 300; *Matter of Michell* v. *James,* 41 App. Div. 271.) The authority invoked by the respondent, *Lyman* v. *Cheever,* (168 N. Y. 43), is not in conflict with these views. That case applied to the right of recovering a penalty under the bond given in this class of cases and not the return of the unearned liquor tax, and while the Court of Appeals explicitly limits *People ex rel. Lyman* v. *Miller* (*supra*), to the question there decided, that authority is not overruled. This case is stronger than the Miller case and the prayer of the petitioner must consequently be granted.