HERBERT S. SISSON, State Commissioner of Excise of the State of New York, Plaintiff, *v*. WILLIAM TODD and JAMES TODD, Defendants.

(Supreme Court, New York Trial Term, March, 1918.)

Liquor Tax Law — action on bond to recover penalty for violation of — Sunday — excise.

In an action brought by the state commissioner of excise on a bond to recover the penalty for a violation of the Liquor Tax Law, in which it is alleged that liquor was unlawfully sold on Sunday and that the premises were permitted to become disorderly, a prior adjudication in a proceeding brought by him for the revocation of the liquor tax certificate, based upon the same allegations and in which the certificate was revoked because of the unlawful sale of liquor on Sunday, is *res adjudicata* as against the defendant to whom said liquor tax certificate was issued.

MOTION upon the minutes to set aside verdict and for a new trial.

Harry D. Sanders (T. Channon Press, of counsel), for plaintiff.

Samuel J. Siegel (George L. Donnellan, of counsel), for defendant.

PHILBIN, J. The plaintiff, as state commissioner of excise, sues on a bond to recover the stated sum of $1,800 for violations of the Liquor Tax Law. A prior proceeding was brought at Special Term to revoke the certificate of the defendant William Todd. *Sisson v. Todd,* 167 N. Y. Supp. 1077. Two grounds of revocation were there alleged: *first,* that liquor was unlawfully sold on Sunday; *second,* that the premises were permitted to become disorderly. The certificate was revoked, the plaintiff succeeding on the first ground but failing on the second.

In this action the same two violations are alleged. The defendant William Todd is the obligor on the bond. There is no surety, as a certificate of deposit was filed in lieu thereof. The controversy centers around the effect to be given to the final order in the prior summary proceeding. Both the plaintiff and the defendants invoke the doctrine of *res adjudicata.* The defendants plead the prior adjudication as a bar to plaintiff's claim of disorderly premises and the plaintiff has conceded the soundness of defendants' position, which is supported by *Clement v. Moore,* 135 App. Div. 723. However, when the plaintiff under the authority of that case seeks to avail himself of the prior adjudication as conclusive evidence of the sale of liquor on Sunday, the defendants protest that to permit such procedure would unlawfully deprive them

of their right to have the issue determined by a jury. On the trial the judgment roll in the prior proceeding was admitted as conclusive evidence and a verdict directed for the plaintiff. The court is now called upon to decide defendants' motion to set aside the verdict and for a new trial on the ground that it was error to receive the judgment roll in evidence.

There can be no question that a ruling in favor of the defendants would make it possible for a jury at Trial Term to decide an issue directly contrary to a prior finding of this court on the same issue at Special Term. It is to prevent just such contrary findings that the doctrine of *res adjudicata* owes its existence. The decisions, text books, and digests abound with statements that it is the identity of issue that controls; that it is immaterial whether the prior adjudication was in a special proceeding or in law or in equity; that a judgment on the law side is conclusive in equity and *vice versa.* In my opinion, the prior adjudication is conclusive against the defendants unless there be merit in their point that they are being unlawfully deprived of their constitutional right of trial by jury. This point demands serious consideration.

In a revocation proceeding a defendant cannot as of right demand a jury trial. *Matter of Lyman,* 59 App. Div. 217; *Matter of Lyman,* 46 id. 387; affd., 163 N. Y. 552; *Matter of Jennings,* 130 App. Div. 645. In fact a recent case denies the power of Special Term to direct that the issues be tried by a jury for the purpose of aiding the conscience of the court. *Matter of Sisson,* 179 App. Div. 236. The decisions proceed upon the theory that the traffic in liquor is an activity that the state may limit or restrict in the exercise of the police power. A certificate authorizing traffic in liquors is held to be property only in a qualified sense, granted on condition and revocable in the manner prescribed by the statute.

The one to whom a certificate is issued is chargeable with knowledge that the same may be revoked " if the holder of said certificate shall *violate any of the provisions of this chapter.*" Liquor Tax Law, § 27. Likewise, one of the conditions of the bond given by the defendant William Todd is that he " will not *violate any of the provisions of the Liquor Tax Law.*" This condition was inserted pursuant to the mandate of section 16. The basis of revocation of the certificate and the condition of the bond are identical. Moreover, the giving of the bond was incidental to the granting of the certificate and part of one transaction. " The instrument (bond) was exacted, but voluntarily executed and delivered to obtain the desired license." *People ex rel. Meakim* v. *Eckman,* 63 Hun, 209, 210. The defendant William Todd was bound to know that a judgment might be obtained against him upon a trial without a jury that would establish a violation of law on his part. Such violation being once established, the finding should be conclusive on both phases — certificate and bond — of the single transaction. " When defendants complied with the provisions of the statute through which alone the issuance of a certificate could be obtained by giving a bond to the effect that the holder would not violate the provisions of such law, they justly may be held to have assumed the burden and disadvantages which accompanied the privileges thereby secured." *Cullinan* v. *Burkard,* 93 App. Div. 31, 36. Even if the doctrine of *res adjudicata* cannot of itself be invoked to take away the right of jury trial, it must be remembered that the state may lawfully specify the terms upon which it will grant the privilege of selling liquor and may require, as a condition, a waiver in advance of a substantial right. As I view the situation, the obligor must be held to have waived any possible right to two independent trials of the same issue. Consequently, there was no

error in admitting the prior adjudication as conclusive evidence in favor of the plaintiff.

The defendant James Todd was not a party to the prior proceeding and is now made a party merely because of an instrument in writing delivered to him by his co-defendant and filed in the office of the plaintiff. I am of the opinion that such instrument is simply a power of attorney. No cause of action is established as against James Todd.

Motion to set aside the verdict and for a new trial is denied as to William Todd but granted as to James Todd.

Motion denied as to William Todd, granted as to James Todd.