(94 App. Div. 445.)

### In re CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, First Department. May 20, 1904.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—ASSIGNMENT—CANCELLATION—PARTIES—INTERVENTION.

Petitioner loaned S. the amount required to obtain a liquor tax certificate, which was issued to him, and by him assigned to petitioner to secure the loan, together with the right to receive all rebates which might become due thereunder on its surrender. S. ceased to traffic in liquors before the expiration of the certificate, and the assignee surrendered the same for cancellation, receiving a certificate of the special deputy commissioner reciting the amount of rebate due thereon; but, a third person having subsequently taken up the traffic in liquors at the place authorized in the certificate, without authority, a proceeding was brought to cancel the certificate. *Held*, that petitioner was entitled to intervene in such proceeding, and show, if possible, that there had been no violation of the statute which would justify a cancellation of the certificate as against it.

Appeal from Special Term, New York County.

Application of Patrick W. Cullinan, State Commissioner of Excise, to revoke and cancel a liquor tax certificate to one Nicolino Santoro. From an order denying a motion on behalf of Schmitt & Schwanenfluegel, a corporation, to intervene and defend, it appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Alfred R. Page, for appellant.
Herbert H. Kellogg, for respondent.

McLAUGHLIN, J.  This is an appeal from an order denying a motion to intervene and defend a proceeding instituted to cancel a liquor tax certificate.  On the 30th of April, 1903, a liquor tax certificate was issued to Nicolino Santoro, authorizing him for a period of one year from that date to traffic in liquors at No. 24 Marion street, borough of Manhattan.  Santoro borrowed from Schmitt & Schwanenfluegel $1,200 with which to pay the excise tax, and to secure the payment of which he assigned to it the liquor tax certificate, and all rebate that might become due thereon upon a surrender thereof.

According to the moving papers, it appeared that on or about the 1st day of September, 1903, Santoro ceased to traffic in liquors at the place named, and the tax certificate was thereupon delivered to Schmitt & Schwanenfluegel, who, on the 2d of November following, surrendered the same for cancellation to the special deputy commissioner for the boroughs of Manhattan and the Bronx; that there was attached to the certificate a petition praying for a cancellation, and the assignment and power of attorney of Santoro; that upon receiving the certificate the special deputy commissioner gave to Schmitt & Schwanenfluegel the following receipt:

"New York State Department of Excise.

"Received for cancellation this 2nd day of November, 1903, Certificate No. 4425, issued April 30, 1903, to Nicolino Santoro of 24 Marion St., for $1,200, on which there is due Schmitt & Schwanenfluegel, Atty., etc., as computed by me a rebate of $585, one-half of which is payable by Comptroller Grout, New York, the fiscal officer of New York, and one-half by the Treasurer of the State of New York.                                    George Hillard.
                                                              "C. H. H.
"Special Deputy Commissioner for the Boro's of Man'n and Bronx."

—That, after Santoro ceased to traffic in liquors, one Amico attempted to continue the traffic at 24 Marion street, and an agent of Schmitt & Schwanenfluegel called the attention of a police officer to that fact, and Amico was thereupon arrested; that on the 24th of November, 1903, this proceeding was instituted to revoke the certificate in question upon the ground that the acts of Amico were those of Santoro, and that sales had been made in violation of the liquor tax law (Laws 1896, p. 795, c. 908); that the petition and order to show cause were served upon Santoro by delivering the same to a person in charge of the premises No. 24 Marion street; that service was not made upon, nor was any notice of the proceeding given to, Schmitt & Schwanenfluegel; that, upon the return of the order to show cause, Santoro did not appear, and the matter was thereupon sent to a referee to take proof and report to the court; that hearings were had before the referee, and the proceeding, so far as he was concerned, was substantially closed, though he had not made a report; that Schmitt & Schwanenfluegel, upon ascertaining that the proceeding was pending for a cancellation of the certificate, applied for leave to intervene, file an answer, and defend the same, which motion was denied, and it has appealed.

The motion was denied, as appears from the opinion of the learned justice sitting at Special Term, upon the ground that the court had no power to permit the intervention.  It does not need the citation of authorities to demonstrate, upon the facts above set forth, that the court had the power to permit the intervention, and we think it erred in not

exercising the same. The fact is not disputed that Santoro had assigned the certificate to Schmitt & Schwanenfluegel; nor is it denied that the respondent, acting through the special deputy commissioner, had recognized the assignment, as well as the power of Schmitt & Schwanenfluegel to surrender it and receive the rebate. A liquor tax certificate, if not property (People v. Durante, 19 App. Div. 292, 45 N. Y. Supp. 1073) in the strict sense in which that word is used, constitutes a property right (Niles v. Mathusa, 20 App. Div. 483, 47 N. Y. Supp. 38; Matter of Lyman, 53 App. Div. 330, 65 N. Y. Supp. 673; Matter of Lyman, 59 App. Div. 217, 69 N. Y. Supp. 309); and when the one in question was assigned to Schmitt & Schwanenfluegel, and it had taken actual possession of and surrendered the same for cancellation, which act on its part had been recognized by the state, it ought not, in fairness, to be deprived of such right without notice and an opportunity to be heard in defense thereof. Whether it could in fact is a question which we do not now pass upon. But we think, upon the facts here appearing, it should be permitted to intervene and show, if it can, that there has been no violation of the statute which would justify a cancellation of the certificate.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.