(55 Misc. Rep. 615)

### In re CLEMENT, State Excise Com'r.

### In re HOLMES' CERTIFICATE.

(Supreme Court, Special Term, Oneida County. August 5, 1907.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—ASSIGNMENT—RECORD.
   Liquor Tax Law, Laws 1897, p. 228, c. 312, authorizing an assignment of liquor tax certificates, does not provide for a record entry of such assignment, with the name of the assignee and date of the assignment, in the office of the county treasurer.

2. SAME—ASSIGNED CERTIFICATE—FORFEITURE.
   A liquor tax certificate is subject to forfeiture for acts of the record holder, his agents or servants, both before and after evidence of transfer

has been completed, in the manner provided by Liquor Tax Law, Laws 1897, pp. 225, 228, c. 312, §§ 17, 18.

**3. SAME—PROCEEDINGS FOR CANCELLATION—PARTIES.**
    An assignee of a liquor tax certificate, as collateral security for money loaned to procure it,. is not a necessary party to a proceeding to cancel the certificate for violation of the liquor tax law by the record holder.

Application ·of Maynard N. Clement, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 24,667, issued to Olive Holmes. Application granted.

The petition alleges several acts in violation of the liquor tax law. The answer denies these acts upon information and belief, and sets up that the defendant, on or about May 1, 1907, assigned the certificate to the West End Brewing Company as security for the payment of $150 loaned to her by it for the purpose of procuring said certificate; that no part of said loan had been paid except the sum of $25; that the West End Brewing Company had an interest in the certificate and had not been made a party to the proceeding.

William G. Van Loon, for petitioner.
Albert J. O'Connor, for respondent.

DE ANGELIS, J. The proof of the violation of the statute presented by the petitioner was abundant, and no controverting evidence was offered by the defendant. The defendant relied solely upon the objection that the West End Brewing Company was a necessary party to the proceeding.

The defendant called as a witness the deputy county treasurer of Oneida county, who produced a book from the office of the treasurer, which contained an entry of which the following is a copy:

"Name of certificate holder, Olive Holmes. Location, Sherrill. Certificate No. 24,667. Record No. 480. Assignee, West End Brewing Company. Date of assignment, 4—18—1907."

There was no other evidence of an assignment nor of the contents of an assignment before the court. This alleged record shows the assignment to have been made, if at all, April 18, 1907, before the certificate was issued.

There is nothing in the statute calling for such a record. Section 27 of the liquor tax law (Laws 1897, p. 228, c. 312) provides for the sale, assignment, and transfer of a liquor tax certificate during the time for which it was granted; but, to make such sale, assignment, and transfer effective, the statute requires that the purchaser should make and file a new application and bond, as provided by sections 17 and 18 of the liquor tax law, and present the tax certificate to the officer who issued the same, or to his successor in office, who is required to write or stamp across the face of the certificate over his signature his consent to the transfer. Section 25 of the liquor tax law provides for the continuance of the business of the holder or holders of a certificate by his, their, or its legal representative or representatives, for the remainder ·of the year under the original certificate; but in that case a statement and bond must be filed as provided in sections 17 and 18, and the consent of the officer who issued

the original certificate, or his successor in office, written or stamped across the face of the certificate over his signature. There are certain other restrictions in the law making the certificate subject to forfeiture after such consent is given in certain cases. The spirit and letter of the law seem to make the certificate subject to forfeiture for acts of the record holder of the certificate, his agents or servants, not only until the evidence of the transfers has been completed as above indicated, but also thereafter.

The authorities seem to decide that a liquor tax certificate is a property right, but subject to forfeiture by reason of violations of the law by the record holder of the certificate or his agents and servants. Assuming that the alleged assignee in this case acquired some interest in the certificate, that interest was subject to defeat by the commission of illegal acts by the record holder of the certificate. The claim is that the assignment was for collateral security, and hence it contemplated the continuance of the business by the holder of the certificate and the subjectivity of the certificate to cancellation for illegal acts of the holder of the certificate. There is no reason why the alleged assignee should be made a party to the proceeding. If the state authorities and the holder of the certificate should conspire to procure the cancellation of the certificate, in order to defraud the alleged assignee, it would have an ample remedy. No application is made by the West End Brewing Company to intervene. Matter of Cullinan (Santoro cert.) 94 App. Div. 445, 88 N. Y. Supp. 164, cited by the respondent, has no application.

An order may be entered canceling the certificate.