### In re JENNINGS et al.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. INTOXICATING LIQUORS (§ 108*)—LIQUOR TAX CERTIFICATE—CANCELLATION—PROCEEDINGS—RIGHT TO INTERVENE.

Since Liquor Tax Law, § 17, subd. 8 (Laws 1896, p. 60, c. 112, as amended by Laws 1908, p. 406, c. 144), bars the use of the premises for the sale of liquor for one year from the date of an adjudication, in favor of the commissioner of excise in a proceeding to cancel a liquor tax certificate for particular violations of the liquor law, owners or lessees of the premises, on a showing that they are only suitable for saloon purposes and if deprived of the right to use them therefor for a year they would suffer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

considerable loss, may intervene in such proceedings against 'occupant for alleged violation of the law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 118; Dec. Dig. § 108.*]

2. INTOXICATING LIQUORS (§ 108*)—LIQUOR TAX CERTIFICATE—CANCELLATION—PLEADING.

The rule that the holder of a liquor tax certificate cannot be required to admit or deny the allegations of a petition to cancel his certificate, because the fact charged might tend to show him guilty of a crime, does not apply to an owner or lessee of the property seeking to intervene in such proceedings, who may be properly required to file an answer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 118; Dec. Dig. § 108.*]

3. INTOXICATING LIQUORS (§ 108*)—LIQUOR TAX CERTIFICATE—CANCELLATION—RIGHTS OF INTERVENER.

Where the owner or lessee of the property in which liquor is sold under a tax certificate is permitted to intervene in proceedings for cancellation thereof, he is entitled to contest the proceedings at all stages and appeal.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 118; Dec. Dig. § 108.*]

4. INTOXICATING LIQUORS (§ 108*)—INTERVENTION OF LANDOWNER OR LESSEE—RIGHT TO JURY TRIAL.

An owner or lessee of premises occupied by the holder of a liquor tax certificate, on being permitted to intervene in proceedings for the cancellation thereof, must take the proceeding as he finds it and cannot therefore demand a jury trial.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 118; Dec. Dig. § 108.*]

Appeal from Special Term, New York County.

Proceedings by Maynard N. Clement, as State Commissioner of Excise, for the revocation of a liquor tax certificate issued to one Ferguson, in which John Jennings and others filed an application to intervene. From an order granting such application, the commissioner appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert H. Kellogg (Albert O. Briggs, on the brief), for appellant. Augustus Van Wyck, for respondent.

LAUGHLIN, J. This proceeding was instituted by the state commissioner of excise under subdivision 2 of section 28 of the liquor tax law (Laws 1896, p. 69, c. 112), for the revocation of liquor tax certificate No. 5,100, issued to one Ferguson for the premises No. 43 West Twenty-Ninth street, borough of Manhattan, New York. The holder of the certificate was the only one upon whom the petition of the state commissioner of excise was served. The respondents, who on their own application have been permitted to defend the proceedings, are partners and lessees of the premises and own the fixtures therein, which are of the value of more than $5,000. They show that the premises are only suitable to be used for saloon purposes, and that if they are deprived of the right to use them for such

purposes for a year, which would be the effect of a decision in this proceeding favorable to the petitioner, they will suffer great loss.

It is not claimed that the landlords of the holder of the liquor tax certificate, who have thus on their own application been made parties to the proceeding, were necessary parties without whose presence the adjudication would have been void, and therefore not binding upon them; but their claim is that, inasmuch as their property interests may be prejudicially affected by the adjudication to be made in the proceeding, they should be admitted as parties to enable them to protect their rights by defending against the proceeding in the event that the holder of the certificate does not see fit to defend, and by seeing that all material evidence bearing on the allegations of the petition is presented to the court, and that a proper legal argument is made thereon. The statute does not require that the owner of the premises or landlord of the holder of the liquor tax certificate be made a party to the proceeding, but inasmuch as an adjudication favorable to the representative of the people on the petition would, by virtue of the provisions of subdivision 8 of section 17 of the liquor tax law (Laws 1896, p. 60, c. 112, as amended by Laws 1908, p. 406, c. 144), bar the use of the premises for trafficking in liquor for one year from the date of the adjudication, it is manifest that the owner of the premises or the landlord of the holder of the liquor tax certificate, as the case may be, has property interests which may be adversely affected by the decision, and that, if the court be vested with authority to grant such relief, he should be admitted as a party to protect and defend his property rights, provided he deems that those rights will not be properly protected by the holder of the certificate and applies for such admission.

This court held, in Matter of Cullinan (Matter of Santoro), 94 App. Div. 445, 88 N. Y. Supp. 164, that the assignees of a liquor tax certificate should have been admitted as parties to a proceeding to cancel the liquor tax certificate, where they applied for such admission, upon the ground that, even though the liquor tax certificate be not property in a strict sense, it constitutes a property right, and whether or not that property right could be forfeited without notice to them, they should be permitted, on their own application, to come in and defend and show, if they can, that there had been no violation of the statute which would justify a cancellation of the certificate. That case is quite analogous to this, for the statute did not require that the assignee of the holder of a liquor tax certificate should be made a party to the proceeding.

The authority of the Legislature, under the police power of the state, to prohibit or regulate trafficking in liquor, is very great, and it may be that it would be competent for the Legislature to provide that a liquor tax certificate may be canceled even without notice to the holder thereof or with notice to him and without notice to his landlord or to the owner of the premises, and that after such cancellation a like certificate should not be issued for the same premises for a specified period of time (see Met. Board of Excise v. Barrie, 34 N. Y. 657; People ex rel. Pressmyer v. Com'rs, 59 N. Y. 92; Matter of

Lyman, 160 N. Y. 96–100, 54 N. E. 577); but those questions are not now presented for adjudication, for they are not necessarily involved on the decision of this appeal. We are concerned with the question as to whether the court has authority to allow the landlord of the holder of the liquor tax certificate, whether he be owner or lessee of the premises, to intervene for the protection of his property rights in the proceeding by which the Legislature has prescribed that proof of certain facts shall be made as a condition precedent to the revocation of the liquor tax certificate, and has; in effect, visited a penalty upon the owner of the premises or of the leasehold, as well as upon the holder of the certificate, by providing that, on proof of disorderly conduct or of any gambling on the premises as the ground of revocation, the premises may not be again used for trafficking in liquor until after the lapse of one year.

We are of opinion that the court had power to allow such intervention, and that the facts required that the application be granted. It may be, as already observed, that the certificate could be legally revoked without notice to the owner of the premises or landlord of the holder of the liquor tax certificate, for the Legislature has prescribed that it shall be revoked on the conviction of the holder of the liquor tax certificate of the violation of the law (subdivision 2, § 34, Liquor Tax Law [Laws 1896, p. 76, c. 112]), and that, if the particular violation be in allowing the premises to become disorderly or in permitting gambling therein, the same disqualification shall attach to the premises with respect to again being used for trafficking in liquor as if the certificate had been revoked on that ground (subdivision 8, § 17, Liquor Tax Law [Laws 1896, p. 60, c. 112, as amended by Laws 1908, p. 406, c. 144])—a question that we do not decide. But here the Legislature has prescribed a judicial proceeding for the revocation of the liquor tax certificate and has provided that notice shall be given to the holder of the certificate, and a party whose property rights may be adversely affected by such proceeding should be heard therein.

It has been held that, in so far as the Legislature attempted to prescribe that the liquor tax certificate might be revoked by default on failure of the holder thereof to put in issue the material allegations of the petition by a verified answer, the statute was unconstitutional (Matter of Peck, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888; Matter of Cullinan, 82 App. Div. 445, 81 N. Y. Supp. 567), and even since the law was amended by allowing the holder of the certificate, instead of presenting a verified answer as originally required, to file an unverified answer (chapter 486, p. 1111, Laws 1903), that the holder of a certificate is not required to file any answer and proof of the material facts must be made before the liquor tax certificate can be revoked (Matter of Cullinan, 41 Misc. Rep. 392, 84 N. Y. Supp. 1075, affirmed 89 App. Div. 613, 85 N. Y. Supp. 1129). The reason for the rule that the holder of the certificate may not be required to admit or deny the allegations of the petition is that the facts charged might tend to show that he was guilty of a crime. That reason would not apply to a party seeking to intervene, and therefore doubtless such party should be required to file an answer, and, if thereby he put in

issue any of the material allegations of the petition, he should be permitted to participate in the hearing and to present any material evidence, and this would give him a standing which would entitle him to contest the proceeding for the protection of his own property rights in all its stages, including the right of appeal, and, although the statute has made no provision for such intervention, the court should prescribe by analogy that the proceedings be had as far as applicable according to the practice of the courts. See People ex rel. Small v. McGowan, 44 App. Div. 30, 60 N. Y. Supp. 407; Matter of Cullinan, 76 App. Div. 362, 78 N. Y. Supp. 466; Matter of Grade Crossing Com'rs, 46 App. Div. 473, 61 N. Y. Supp. 748, affirmed 166 N. Y. 69, 76, 59 N. E. 706. The court should be able to so regulate and control the practice in such case that there will be no undue delay, for good faith, a meritorious defense, and diligence must be shown.

The court at Special Term properly denied the application in so far as it demanded a jury trial. It is well settled that it was competent for the Legislature to vest the court with authority to cancel liquor tax certificates without a jury trial (Matter of Lyman, 46 App. Div. 387, 61 N. Y. Supp. 884, affirmed 163 N. Y. 552, 57 N. E. 1115), and it needs no argument to show that those who are admitted on their own application take the proceeding as they find it, are bound by the same procedure, and must submit their rights to adjudication by the tribunal prescribed by the Legislature for the trial and decision of the question.

It follows therefore that the order should be affirmed, with $10 costs and disbursements. All concur.