Matter of MAYNARD N. CLEMENT, as Com'r, Etc., *v.* LINA VISCOSI, for Revocation of Liquor Tax Certificate No. 19,774.

(County Court, Oneida County, June, 1909.)

Intoxicating liquors: Surrender or transfer of licenses and change of place of business — Rights of assignee of certificate; Surrender and rebate — Effect of previous violations of statute: Revocation or forfeiture of license — Proceedings to annul certificate — Parties — Assignee of certificate.

The provisions of section 25(1) of the Liquor Tax Law, for the surrender and cancellation of a liquor tax certificate, were not intended to limit the time for the bringing of a proceeding under section 27 to cancel a liquor tax certificate for violation of the Liquor Tax Law to the period of thirty days after the surrender of the certificate for cancellation upon payment of rebate, but is a mere suspension, during said period or during the pendency of a proceeding brought to cancel the certificate for such violation, of a proceeding commenced under section 25 for the payment of rebate.

The holder of a liquor tax certificate has no legal right to surrender the same, if he has, at any time during the excise year for which the certificate was issued, violated any provision of the Liquor Tax Law.

The assignee of a liquor tax certificate is not required to be made a party to a proceeding to cancel the certificate for a violation of the Liquor Tax Law by the person to whom the certificate was issued.

PROCEEDING to cancel liquor tax certificate under section 27 of the Liquor Tax Law, as consolidated, and motion to make a party thereto an assignee, whose transfer is not of record, as provided in section 26 of the same statute.

R. J. Fish, for petitioner.

Mason & McNamara, for respondent.

PRITCHARD, J.   This proceeding is brought to cancel the liquor tax certificate issued to the respondent to traffic in liquors at the Hotel Normandie in the city of Rome, Oneida county, on the ground of violation of the Liquor Tax Law, in keeping a disorderly house, prohibited by subdivision " E " of section 31 of the Liquor Tax Law, now section 30.

The answer denies any violation and makes two objections to the granting of the prayer of the petitioner, namely, that the proceeding was not commenced within thirty days after the surrender of the certificate, as provided by section 25, now 24, of said law, and also for the reason that Evans & Giehl, assignees of said certificate, are not made parties to this proceeding.

This proceeding is instituted under subdivision 2 of section 28, now 27, which provides that, at any time after a liquor tax certificate has been issued, it may be revoked and cancelled for violation of the Liquor Tax Law.   Nothing in this section nor in the law limits the time for the institution of this proceeding, unless it be the expression contained in subdivision 1 of section 25, which reads:

" If within thirty days from the date of the receipt of such certificate by the state commissioner of excise the person surrendering such certificate shall be arrested or indicted

tor a violation of the liquor tax law or proceedings shall be instituted for the cancellation of such certificate, or an action shall be commenced against him for penalties, such petition shall not be granted until the final determination of such proceedings or action."

It is alleged in the petition and proof upon the hearing, and I find as a matter of fact, that the premises mentioned in the certificate, namely, the Hotel Normandie, was a disorderly house on the 31st day of January, 1909. On the first day of February the certificate was presented to the special deputy for Oneida county, and on the third day of February was received by the State Commissioner, and this proceeding was not commenced until more than thirty days thereafter. It is contended on the part of the respondent that she is entitled to the rebate, because the proceedings were not brought within the thirty days specified in said section. That section provides for the surrender and cancellation of liquor tax certificate and payment of rebate. It provides that a person holding a liquor tax certificate against whom no complaint, prosecution or action is pending, on account of any violation thereof, and who shall not have violated any provision of the Liquor Tax Law during the excise year for which such certificate was issued, may surrender such certificate for cancellation. The question is, whether the thirty-day clause in the same section is intended as a statute of limitation for the bringing of the proceeding, or whether it is a mere suspension during that time, or during the pendency of the proceeding commenced thereunder for the payment of rebate. I am inclined to consider it as a mere suspension of the right to payment, rather than as a limitation for commencement of proceedings.

No person under the law has a right to surrender a certificate, if he has at any time violated a provision of the Liquor Tax Law. This construction of the section is given force by the fact that, if a person entitled to surrender is refused payment and brings mandamus proceedings to compel the payment of rebate, it is absolutely incumbent upon him to satisfactorily show that he has not violated any provision of the Liquor Tax Law during the excise year for

which such certificate was issued. It is not enough to show that thirty days have elapsed since the surrender of the certificate. People ex rel. Hupfel v. Cullinan, 95 App. Div. 598. This view is taken also in Matter of Clement (Vessa Certificate), Special Term, Supreme Court, Monroe county, held by Justice Foote, in which a preliminary objection of this character was raised and overruled (59 Misc. Rep. 367); and also in Matter of Clement (O'Neill Certificate), 62 Misc. Rep. 512, Justice Newberger saying: "It is no defense to an application for a revocation that the certificate had been surrendered prior to the discovery of the violation or the commencement of the proceeding to revoke. Such proceedings may be instituted at any time during the excise year for which such certificate was issued."

As to the necessity of making Evans & Giehl parties to this proceeding, it may be stated that there is no provision in the Liquor Tax Law for making any one a party except the holder of the liquor tax certificate, as provided by subdivision 2 of section 28, now 27, of the Liquor Tax Law. Neither is there any decided case that I have been able to find which holds that the assignee of the certificate is entitled to be made a party. In the practice under this law this seems to have been tacitly conceded, as, in every case where an assignee has received permission to be heard, it is by an application to the judge or court for leave to intervene.

In Matter of Cullinan (Santoro Certificate), 94 App. Div. 445, intervention was allowed as the proper remedy.

For these reasons the certificate must be cancelled without return of rebate, and findings may be prepared and judgment entered accordingly.

Certificate cancelled.