The lease was dated June 12, 1907. The tenant failed to pay the rent which became due on September 1, 1907, whereupon the landlord collected a sum of money from the undertenants, and on September 6, 1907, began summary proceedings to recover possession of the premises, which culminated on September 18, 1907, in the issue of a warrant and the dispossession of the tenant. The tenant now sues to recover his deposit, less the amount of rent due when the warrant of dispossession was executed. He was defeated, upon the ground that his action was premature. The clauses of the lease bearing upon this question are peculiar. They read as follows:

"(8) That if the said premises, or any part thereof, shall become vacant during the said term, the landlord or his representatives may re-enter the same, either by force or otherwise, without being liable to prosecution therefor, and relet the said premises as the agent of the said tenant, and receive the rent thereof, applying the same, first, to the payment of such expense as he may be put to in re-entering, and then to the payment of the rent due by these presents; the balance, if any, to be retained by the landlord as liquidated damages."

"(16) * * * That, if default be made in any of the covenants herein contained, then it shall be lawful for the said landlord to re-enter the said premises, and the same to have again, repossess, and enjoy. The said tenant hereby expressly waives the service of any notice in writing of intention to re-enter, as provided for in the third section of an act entitled 'An act to abolish distress for rent and for other purposes,' passed May 13, 1846."

The privilege of the landlord to re-enter and let the premises as the agent of the tenant is expressly limited to the contingency of the premises being vacant, and there is neither allegation nor stipulation that they ever did become vacant. The condition as to the breach of the covenants, including the covenant to pay rent, is merely that the landlord may re-enter, and nothing is said about reletting as the agent of the tenant. In Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203, and like cases, the covenant which was deemed to survive eviction was one for the payment of rent, and the fulfillment of all covenants, and it was expressly agreed that, in case of the breach of any of these covenants, the landlord might re-enter and relet as the agent of the tenant.

A dispossession in summary proceedings under the statute terminates the lease, except as to the covenants and conditions which are expressly so drawn as to survive. The covenant for the payment of rent was not so drawn in the present case.

The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.

---

(64 Misc. Rep. 625.)

### In re J. CONRY & CO.

(Supreme Court, Special Term, New York County. October, 1909.)

INTOXICATING LIQUORS (§ 108*)—CANCELLATION OF LIQUOR CERTIFICATE—INTERVENTION BY OWNER OF PREMISES.

In proceeding by the State Commissioner of Excise to cancel a liquor tax certificate on the ground that the premises had been suffered by the licensee to become disorderly, the owners of the property asked to inter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vene to question the constitutionality of Liquor Tax Law (Laws 1896, p. 60, c. 112) § 17, subd. 8, as amended by Laws 1908, p. 1026, c. 350, § 8, and the application was denied, and appeal from such denial was dismissed for want of prosecution. *Held* that, after it had been determined on appeal in another case that the owner had the right to intervene, he could not again apply for leave to so intervene.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 108.*]

Application of J. Conry & Co. to intervene in proceeding of Clement v. Richter. Denied.

Page & Booth, for applicants.
H. H. Kellogg, for State Commissioner of Excise.

GUY, J. The applicant, who claims to be the lessee of part of the premises affected, asks leave to intervene and to serve an answer in a proceeding brought by the State Commissioner of Excise to cancel a liquor tax certificate issued to one Richter, which proceeding has been duly determined, and an order entered revoking said certificate. Prior to the entry of said order of revocation this applicant made a similar motion to intervene before Justice Bischoff, distinctly raising the point of which he now seeks to avail himself as to the constitutionality of section 17, subd. 8, of the liquor tax law (Laws 1896, p. 60, c. 112) as amended by Laws 1908, p. 1026, c. 350, § 3, which provides that, where a certificate is revoked on the ground that the premises had been suffered by the licensee to become disorderly, no new certificate shall be issued for said premises to any person for one year. The application was denied, and an appeal taken, which was dismissed for want of prosecution. Subsequently, in a similar proceeding (Matter of Jennings, 130 App. Div. 647, 115 N. Y. Supp. 457), it was held by the Appellate Division that a lessee of a part of the premises, who was not the holder of a certificate, should have been permitted to intervene, on the ground that the determination of the issue affected a property right of the applicant, though the certificate itself was not property; and this applicant now renews his application, in view of such subsequent decision.

Even if it be assumed that the right of an owner or lessee of property to apply for something which the state in the due exercise of its police power may refuse is a property right, the only construction that can be placed upon the decision in the Matter of Jennings is that the lessee should be allowed to intervene and defend on the merits as to the alleged violation; for, in People v. McKee, 59 Misc. Rep. 369, 112 N. Y. Supp. 385, affirmed 126 App. Div. 954, 111 N. Y. Supp. 1135, the constitutionality of this provision of the liquor tax law has been finally determined by the appellate court. The right of the applicant to intervene on the merits having been denied, and he having acquiesced in such decision by abandoning his appeal, it is now too late, after the determination of the matter and the entry of the order of revocation, to renew the application.

Motion denied, without costs.

---