PEOPLE ex rel. BUCHLER et al. v. SPECIAL TERM OF SUPREME COURT et al.

(Supreme Court, Appellate Division, First Department.    April 15, 1910.)

1. INTOXICATING LIQUORS (§ 108*)—LICENSES—CANCELLATION—PROCEEDINGS—PARTIES.

Since Liquor Tax Law (Laws 1896, c. 112) § 17, subd. 8, as amended by Laws 1908, c. 350, forbids the use of premises named in a liquor tax certificate for one year from the date of the cancellation of the certificate if the holder permitted the premises to become disorderly, lessees of the premises may intervene in proceedings to cancel the certificate for such violation of the law upon a showing that they would be injured by its cancellation.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 117, 118; Dec. Dig. § 108.*]

2. STATUTES (§ 64*)—PARTIAL INVALIDITY—EFFECT.

Liquor Tax Law (Laws 1896, c. 112) § 28, subd. 2, as amended by Laws 1908, c. 350, permits a liquor tax certificate to be canceled for violation of the act on the premises, and prescribes the procedure therefor.  *Held*, that the unconstitutionality of any of the provisions of the statute defining the effect of an order of cancellation would not affect the jurisdiction of the court to order a cancellation.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 66; Dec. Dig. § 64.*]

Application for writ of prohibition by the People, on the relation of Louis Buchler and another, against the Special Term of the Supreme Court and Leonard A. Giegerich, the Justice presiding at said term, and another.    Application denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Augustus Van Wyck, for relators.

Herbert H. Kellogg and Robert J. Fish, for respondent John Harrington.

INGRAHAM, P. J.  This is an application for a writ of prohibition directed to the Special Term of the Supreme Court and to the commissioner of excise restraining any further proceedings in a special proceeding in the Supreme Court of the County of New York, wherein the commissioner of excise applied for an order revoking and canceling liquor tax certificate No. 1,990, issued to one John Harrington.

Subdivision 2 of section 28 of the liquor tax law (Laws 1896, c. 112), as amended by chapter 350 of the Laws of 1908, provides that:

"At any time after a liquor tax certificate has been issued to any person under section eleven of this act, said liquor tax certificate may be revoked and cancelled  *  *  *  if any provision of this act is violated at the place

designated in said certificate as the place where such traffic is to be carried on by the holder of said certificate. * * * For the purpose of obtaining such an order, the state commissioner of excise * * * may present a verified petition to a justice of the Supreme Court, or a special term of the Supreme Court of the judicial' district * * * in which such traffic in liquors is designated to be carried on, or in which the holder of such certificate resides * * * for an order revoking and cancelling such certificate upon either or all of the grounds hereinbefore stated. Such petition shall state the facts upon which such application is based. * * * Upon the presentation of the petition, the justice, judge or court shall grant an order requiring the holder of such certificate to show cause before such justice, judge or court, or before a Special Term of the Supreme Court of the judicial district on a day specified therein, not more than ten days after the granting thereof, why an order revoking and cancelling such liquor tax certificate should not be granted. * * * A copy of such petition and order shall be served upon the holder of such certificate, and the officer issuing the same, or his successor in office, and upon the state commissioner of excise, in the manner directed by such order, not less than five days before the return day thereof. On the day specified in such order, the justice, judge or court before the same is returnable shall grant such order revoking and cancelling the said liquor tax certificate, unless the holder of said liquor tax certificate shall present and file an answer to said petition, which answer denies each and every violation of this chapter alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties in relation to the allegations of the petition or answer. If the said evidence establishes any of the facts hereinbefore set forth as sufficient to revoke and cancel a certificate, an order shall be granted by said justice, judge or court revoking and cancelling such certificate."

In pursuance of this provision a proceeding was instituted by the commissioner of excise on the 8th day of February, 1910, for an order revoking and canceling liquor tax certificate 1,990 issued to one John Harrington, and an order was obtained from one of the justices of this court requiring the said Harrington to show cause on the 17th day of February, at a Special Term of the Supreme Court held in and for the County of New York. The petition upon which this order was granted alleges that the said Harrington did, on various days, between the 1st of October, 1909, and the 3d of February, 1910, suffer and permit the premises described in said application to revoke the said license to become, be, and remain disorderly; and that in other respects the said Harrington violated the provisions of the liquor tax law. This order and petition seem to have been duly served upon Harrington, and he filed his answer denying the allegations of the petition, and the proceeding being thus at issue was regularly brought on for trial at Special Term. The petitioners alleged that they were,. prior to October 1, 1909, the date that the certificate was issued, the owners of a lease of the premises at which this liquor traffic was to be carried on, which lease does not expire until 1917; that the petitioners owned the appointments and fixtures of said place which were of the value of $5,000; that said lease was worth the sum of $50,000; that the petitioners were not made parties to this proceeding, nor have they ever been made parties thereto; that subdivision 8 of section 17 of the liquor tax law, as amended by chapter 350 of the Laws of 1908, provides that if the certificate holder suffered and permitted the premises named in the certificate, or any part thereof, to become disorderly, no

new certificate should be issued to any person for said place for a period of one year from the date of the entry of the final order canceling such certificate; that such an order would cause a serious loss to the petitioners by preventing them from using the said premises for the purpose of the sale of liquor; that such provision of the liquor tax law is unconstitutional, in that it deprives the petitioners of their property without due process of law; that a judgment against Harrington in the proceeding before referred to would automatically be a judgment against the petitioners restraining the use of the premises so leased by them for the sale of liquor on the premises for a period of one year from the date of the entry of the order canceling the certificate; and therefore ask that a writ of prohibition issue restraining the Special Term of the Supreme Court and the said commissioner of excise from proceeding with the said special proceeding against Harrington.

The provision of the liquor tax law, under which this proceeding against Harrington was instituted requires the order to show cause by which the proceeding is instituted, with the petition upon which it was granted, to be served upon the holder of the liquor tax certificate, and upon the conviction of such holder of a liquor tax certificate the court or justice before whom the proceeding was heard is required to grant an order canceling the certificate. The petitioners are not parties to that proceeding, and the statute does not require that they should be made parties. They have a right to be made parties to the proceeding if they so elect. Matter of Jennings, 130 App. Div. 647, 115 N. Y. Supp. 457. So far as appears, this proceeding is in accordance with the provisions of the liquor tax law, and under it the Special Term of the Supreme Court has jurisdiction to hear and determine the question presented upon the petition and answer thereto. There is nothing in this provision of the law that violates either the state or federal Constitution. There must be served upon the holder of the liquor tax certificate the order to show cause which institutes the proceeding, a copy of the petition upon which it was granted, and he is given an opportunity to file an answer to that petition and to have the question raised by such answer judicially determined. If it is proved that he is guilty of a violation of the liquor tax law, it is the duty of the court to enter an order canceling his certificate.

The various provisions of the statute which define the effect of such an order after it is entered have no relation to the provisions relating to the special proceeding. If the statute gives to such an order an effect which is in violation of the Constitution because of its effect upon the property of persons not parties to the proceeding—a question upon which we express no opinion—the provision of the statute would be void as condemned by the Constitution. It would not affect the jurisdiction of the court to hear and determine the proceeding before it on the order so far as it affects the parties to the proceeding. The court clearly has jurisdiction and is bound to entertain the application of the state commissioner of excise, is bound to hear and determine the issues presented by the petition and answer relating to a violation of the provisions of the liquor tax law, and is bound to enter an order

canceling the certificate if it is proved that the holder of the certificate has violated its provisions. As to the effect of that order when entered, neither the Special Term nor this court has at present any concern. If either the commissioner of excise or any other person attempts to give an effect to that order which is not justified by law or which is not within the power of the Legislature to enact, the courts of this state are open to the relator and all other persons to protect their rights; but the fact, if it be a fact, that the statute says that the order should be given an effect which the Legislature had not the power to give to it, is no reason why the court should be prohibited from proceeding within its undoubted jurisdiction.

There would seem to be, therefore, no justification for a writ of prohibition, and the application should be denied, with $50 costs and disbursements, and the Special Term and the state commissioner of excise is authorized to proceed as if. the order to show cause herein had not been granted. All concur.