(78 Misc. Rep. 337.)

PEOPLE ex rel. HOPE v. MASTERMAN, County Treasurer.

(Supreme Court, Special Term, Steuben County. November 29, 1912.)

1. INTOXICATING LIQUORS (§ 76*)—LIQUOR TAX CERTIFICATE—CERTIORARI TO REVIEW PROCEEDINGS—RETURNING RECORD.

Under a writ of certiorari against a county treasurer to review his refusal to issue a liquor tax certificate to relator, which required him to return all his actions in the matter, and all the evidence, statements, and other papers before him, or which were submitted to him, he had no discretion as to what proceedings were necessary to review his action, and a return not including a notice and a consent from the owner referred to in moving papers was incomplete; and to complete the record the court, on directing the issuance of the certificate, would require him to file a further return including such notice and consent.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 80; Dec. Dig. § 76.*]

2. INTOXICATING LIQUORS (§ 46½*)—LIQUOR TAX CERTIFICATE—PROCEEDING TO PROCURE LICENSE—DISPOSITION ON REVIEW.

The owner of premises which could lawfully be used in the sale of liquor on September 3d requested the county treasurer not to issue any license therefor, except upon his consent, and, after leasing the premises to relator, notified the treasurer of his consent to the issuance of a liquor tax certificate to him. Relator, on presenting such consent and the proper application and bond on November 1st, was refused a certificate, because one had been issued on October 30th to a person who had no lease or interest in the premises, and who did not and could not have possession. Ratio Law (Laws 1910, c. 494), in effect April 14, 1910, provided that no certificate should be issued for any premises, unless the ratio of people therein to the number of certificates should be greater than 750 to 1, etc. Held that, as the person to whom the first certificate was issued could not use the premises so that the granting of a certificate to relator would not increase the number of licensed places beyond that prescribed by the Ratio Law, relator was entitled to a certificate, according to his application.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 46½.*]

Certiorari by the People, on the relation of James C. Hope, against William G. Masterman, County Treasurer of Steuben County, to review the respondent's refusal to issue a liquor tax certificate to relator. Respondent directed to issue to relator a liquor tax certificate, as applied for.

Frank J. Saxton, of Corning, for relator.

A. M. Sperry, of Binghamton, for Treasurer of Steuben County and State Department of Excise.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARK, J. [1] The writ heretofore issued in this case required the treasurer of Steuben county, among other things, to return all and singular his proceedings, decisions, and actions in this matter, with the dates thereof, and all and singular the evidence, documents, statements, application, bond, and *all other papers* before him, or which were submitted to him, with reference to said matter.

It was set forth in the moving papers, among other things, that on the 3d day of September, 1912, Francis C. Williams, the attorney for the owner of the property where relator desires to sell liquors, notified the county treasurer, in writing, not to issue a liquor tax certificate for the place in question, except upon a written consent therefor, signed by Mrs. Farley, the owner of the property, or by her attorney in fact, Francis C. Williams.

It was also set forth in the moving papers that on November 1, 1912, said Williams notified the county treasurer, in writing, that the owner of the property consented that a liquor tax certificate be issued to James C. Hope for the premises in question.

The county treasurer, in his return to the writ, has omitted to include these letters, which, on the argument, his attorney conceded he had received.

The command of the writ left no discretion in the county treasurer to determine what proceedings were necessary to review his action, but plainly stated that a full and complete return should be made. His return, as made, is incomplete and insufficient, because it does not comply with the terms of the writ; and that the record may be complete the order to be entered herein should require the treasurer to forthwith file a further return, which shall include the letters above referred to.

[2] The facts in this case, as shown by the moving papers and return, and as developed on the argument, are as follows: The Philip Farley estate owns certain premises in the village of Gibson, town of Corning, Steuben county, N. Y., which have been used for the traffic in liquors for many years prior to the time the liquor tax went into effect in 1896; and there has never been any interruption in such traffic, excepting when the town had gone no license for a brief period, and the sale of liquor could not be lawfully carried on in said premises. On the 3d day of September, 1912, Mrs. Farley, executrix of the will of Philip Farley, deceased, and the devisee under his will, requested the treasurer of Steuben county, in writing, not to issue a license for said premises to any person, except upon a consent signed by her personally, or by her attorney in fact, Francis C. Williams. Some time after that Mrs. Farley leased the premises, and the relator, James C. Hope, became the tenant thereof, and on the 1st day of November, 1912, pursuant to the terms of the letter of September 3d, above referred to, Mrs. Farley notified the county treasurer, in writing, that she had leased the premises in question, and that she consented that a liquor tax certificate be issued to the tenant, James C. Hope. On said 1st day of November, armed with that letter, which was delivered to the county treasurer, Mr. Hope made application in due form, accompanied with proper bond, for a liquor tax certificate

for the premises in question, and the county treasurer refused to issue such certificate, on the alleged ground that on the 30th day of October, 1912, he had issued a certificate for the same premises to one Edwin H. Force, and to issue another would be in violation of the Ratio Law (Laws 1910, c. 494), so called, which went into effect June 15, 1910, and which provided, among other things:

"That no liquor tax certificate should be issued for traffic in liquors for any premises in any town, village, etc., unless or until the ratio of people therein to the number of certificates issued should be greater than 750 to 1," etc.

So we have a situation where the owner of property which could lawfully be used for trafficking in liquors has leased the property, and she and her tenant desire to have a certificate issued to him, that he may sell liquor on said premises, and he has furnished an application and bond in due form, and the county treasurer refuses to issue him the certificate, because he had previously issued a certificate for the same premises to another individual, who has no right, title, claim, or interest in or to the property in question, who has not and could not have possession of the same, or any part thereof, and all this being done over the protest of the owner of the property; and it is urged in behalf of the county treasurer that, under these circumstances, the owner of the property and her tenants have no remedy to right this very palpable wrong, excepting by the slow process of an action in equity to set aside the certificate issued to Mr. Force.

I cannot believe that the Supreme Court is entirely impotent in the premises. It was a palpable wrong for Edwin H. Force to make application for a liquor tax certificate for premises in which he had no interest, and when he had no possession or lease of the same. The treasurer had advance notice and knowledge that the owner did not wish a certificate issued for that property to any person, except by her written consent, and still in spite of all that a stranger to the premises has procured a liquor tax certificate; and if the contention of the county treasurer is upheld the owner of the property and her tenant are deprived of the right of the use of the property for the purposes for which it was leased—it being premises entitled to be used for the traffic in liquors.

It seems to me that, under the circumstances, it is the duty of the court to take hold of the situation as shown by the aggregated and conceded facts and see to it that this wrong be speedily remedied.

The Ratio Law was enacted with a design to prohibit the opening of additional places for trafficking in liquors, and the number of places is the important consideration, instead of the number of certificates. People ex rel. Fiore v. Clement, 70 Misc. Rep. 587, 128 N. Y. Supp. 573.

I know of no law which prohibits the issuance of a second certificate for these premises, and especially when the certificate first issued cannot possibly be used, for the reason that the person to whom it is issued is not in possession of the property, and cannot acquire possession, or any right, title, or interest therein.

These premises are entitled to be used for the traffic in liquors, and

a certificate should be issued to a person who can carry on such traffic therein. The certificate issued to Mr. Force, under the peculiar circumstances as shown here, cannot be used, for he cannot get possession of the property; whereas a certificate issued to relator, the tenant, could be used, and it would not increase the number of places for the sale of liquor in Gibson beyond the limitations of the Ratio Law.

If a rival concern desired, for any reason, to put a competitor out of business, I cannot conceive of a more effectual way than was adopted in this case by Mr. Force, when he procured a certificate to traffic in liquors in premises in which he had no interest, and the owner and tenant must be foreclosed of that right until they get the prior certificate out of the way by an action in equity.

I do not believe that any such burden should be imposed upon the owner and tenant of the property. They have a right to have liquor sold in these premises. Relator is the only person in possession of the property; and, so long as granting him a certificate would not increase the number of licensed places beyond the limits prescribed in this so-called Ratio Law, a refusal to grant him the certificate because of the existence of a prior one, which was improperly obtained, seems to me to be unjustifiable.

No question having been raised as to the regularity and sufficiency of the application, bond, etc., of the relator, I think that the Liquor Tax Law (Consol. Laws 1909, c. 34), as it existed at the time he applied for his certificate, entitled him to such certificate, authorizing him to do business under it in the premises referred to in his application.

The treasurer of Steuben county is hereby directed to issue to the relator a liquor tax certificate, as applied for, authorizing him to traffic in liquors at the place and during the time as stated in his application.

Ordered accordingly.