McMAHON et al. v. HENKEL et al.

(Supreme Court, Special Term, Steuben County. June 12, 1915.)

1. INTOXICATING LIQUORS ☜64—APPLICATION FOR LICENSE—POSSESSION OF PREMISES.

The owner of premises who applies for a liquor tax certificate is not entitled thereto, where he is out of possession, and where his application erroneously states that he is in possession.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 64; Dec. Dig. ☜64.]

2. INTOXICATING LIQUORS ☜103—TRANSFER OF LICENSES—RIGHT TO TRANSFER.

The right of abandonment and transfer of a liquor tax certificate belongs to the holder thereof, who is in possession of the premises under lease, and not to the owner of the premises.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. ☜103.]

3. INTOXICATING LIQUORS ☜108—CANCELLATION OF LICENSE—PARTIES.

In a suit by tenants against the owner of the premises to cancel a liquor tax certificate issued to the owner, a brewing company, to which the license was transferred, is not a necessary party.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. ☜108.]

Action by Mary McMahon and Thomas F. Hanley against Margaret E. Henkel and others to set aside a liquor tax certificate. Judgment directed for plaintiffs, with permission to submit findings.

Welch & Parsons, of Syracuse, for plaintiffs.
Claude V. Stowell, of Corning, for defendants.

CLARK, J. The defendant Margaret E. Henkel is the owner of premises at No. 96 East Market street in the city of Corning, which premises have been continuously used for saloon purposes since on or about April 1, 1902. The plaintiffs in this action were formerly tenants of defendant Henkel in said premises—first, under a written lease

dated January 10, 1907, which expired on or about April 1, 1910; and, secondly, under a written lease made between the plaintiffs and defendant Henkel for a five-year term, which expired March 31, 1915.

While plaintiffs occupied the premises No. 96 East Market street, Corning, under these two leases, and up to March 31, 1915, when they vacated the premises, they had carried on the traffic in liquors at said premises under liquor tax certificates that were issued to them from time to time by the treasurer of Steuben county; their last certificate, being No. 20,097, not expiring until October 1, 1915. Plaintiffs' lease of the premises in question did not expire until the 31st day of March, 1915, and some time prior to that date they applied to the treasurer of Steuben county, under the proper subdivision of the Liquor Tax Law, for permission to transfer that liquor tax certificate, expiring October 1, 1915, from the premises owner by defendant Henkel, No. 96 East Market street, to premises at No. 350 South Beech street in the city of Corning, which had been leased by plaintiffs, and with their application for such transfer they filed necessary consents for traffic in liquors at Beech street, notice of abandonment of such traffic under such liquor tax certificate at No. 96 East Market street, and also filed the necessary bond for the purpose of making such transfer.

The county treasurer refused to make such transfer, on the ground that previously, and on November 7, 1914, proper application and bond having been filed with him, he had issued to defendant Henkel, owner of the East Market street premises, another liquor tax certificate, No. 20,517, for the traffic in liquors at said premises, and that he could not properly transfer plaintiffs' certificate, because it would make the number of liquor tax certificates in Corning greater than would be permissible under the so-called ratio law (Laws 1910, c. 494).

At the time defendant Henkel applied for her liquor tax certificate, November 7, 1914, in her application statement she said, among other things:

"That she might lawfully carry on such traffic in liquors upon such premises under said subdivision. * * *"

That clearly could not be true, for, although she was the owner of the premises, she was not in possession, and not entitled to the possession thereof, and could not lawfully carry on any kind of business therein, for the premises were leased to plaintiffs, and they were entitled to possession of said premises until March 31, 1915. The papers presented to the county treasurer by defendant Henkel were regular on their face, and he was obliged to issue to her the liquor tax certificate sought to be revoked in this action, even though a prior certificate authorizing plaintiffs to traffic in liquors at the same premises was in full force and effect. People ex rel. Hope v. Masterman, 78 Misc. Rep. 337, 138 N. Y. Supp. 469, affirmed 156 App. Div. 450, 141 N. Y. Supp. 1039; 209 N. Y. 182, 102 N. E. 553.

[1] But defendant Henkel was not in possession of the premises No. 96 East Market street at the time she applied for her liquor tax certificate, and was not entitled to traffic in liquors at said premises, because plaintiffs had the exclusive right of possession thereto until March 31,

1915, and although the papers were regular on their face, and the county treasurer was clearly obliged to issue to her the certificate which is sought to be set aside in this action, her statement in her application that she might lawfully carry on the traffic in liquors on these premises was false, and it was a material statement upon which the county treasurer had a right to rely, and undoubtedly did rely, when he issued to her the certificate in question.

Defendant Henkel urges that, if her certificate is set aside, it will be a great hardship upon her, because it will enable plaintiffs to transfer their certificate issued for the same premises to another locality, and because of the number of licenses in Corning she will be unable to obtain a new license for her premises, being restricted by the terms of the so-called ratio law. That, perhaps, is unfortunate; but it is no answer to the statement that she obtained her liquor tax certificate for these premises in November, 1914, by making at least one erroneous statement in her application, when she knew perfectly well that her premises were leased until March 31, 1915, to the plaintiffs, and she would have no right of possession thereof up to that time.

When the plaintiffs applied to have their liquor tax certificate for the East Market street premises transferred to the Beech street premises in Corning, their lease of the East Market street premises not having expired, they were clearly within their rights in serving notice of abandonment of the liquor traffic at said premises and applying to have the certificate transferred to the Beech street premises.

[2] The right of abandonment and transfer did not belong to defendant Henkel as the owner of the premises at East Market street, but belonged exclusively to the plaintiffs as the owners and holders of the Liquor Tax Certificate. Matter of Farley, 154 App. Div. 282, 138 N. Y. Supp. 1050, affirmed 208 N. Y. 595, 102 N. E. 1102. The right of abandonment and transfer belonging exclusively to plaintiffs as owners of the certificate, and not to defendant Henkel as owner of the premises, cannot be defeated by the somewhat unusual and peculiar course adopted by her in applying for and obtaining a liquor tax certificate to traffic in liquors at premises leased by her to other people, and in which she had no possession or right of possession.

[3] It is urged by defendant Henkel that the certificate she obtained from the county treasurer was transferred to the American Brewing Company, and that this action must fail because that company was not made a party defendant. The American Brewing Company was not a necessary party to this action. Matter of Clement, 55 Misc. Rep. 615, 105 N. Y. Supp. 1085; People ex rel. Buchler v. Spl. Term, 137 App. Div. 765, 122 N. Y. Supp. 573; Matter of Clement, 63 Misc. Rep. 514, 118 N. Y. Supp. 613. The case of Hope v. Masterman, 209 N. Y. 182, 102 N. E. 553, indicates clearly that plaintiffs have proceeded properly in an action in equity to cancel the certificate issued to defendant Henkel. Upon all the evidence I am satisfied that plaintiffs are entitled to recover, because the liquor tax certificate issued to defendant Henkel was obtained on an application containing material erroneous statements, and also on the ground that the right of abandonment and transfer of their valid liquor tax certificate belonged exclusively to plain-

tiffs, and should not be defeated by the method adopted by defend-ant Henkel.

Judgment is therefore directed in favor of plaintiffs for the relief demanded in the complaint, with costs to be taxed. Findings may be submitted.

